HIGBEE *et al.*, *Plaintiffs in Error*, v. HIGBEE.

### Division One, June 19, 1894.

Conveyance: GIFT: TRUST.  A landowner conveyed, as a gift, to his son-in-law a tract of land, in consideration of his affection for the wife of the latter, his daughter; *held*, that no express or implied trust was thereby created in favor of the wife or her heirs as against the grantee, her husband.

*Error to Hannibal Court of Common Pleas.*—HON. THOMAS H. BACON, Judge.

AFFIRMED.

This is a suit in equity, in which there was a finding for defendant, and judgment accordingly in the trial court.

The deed, mentioned in the opinion of the court, is as follows, viz:

"This indenture made and entered into this 16th January, A. D. 1838, between Joseph Long and Ellenor, his wife, of the one part, and Stephen Higbee of the other part, witnesseth, that the party of the first in consideration of the mutual love and affection which he bears to his daughter Letitia, the wife of said Stephen, and the further consideration of one dollar paid in hand, doth by these presents give, grant, bargain and sell unto the party of the second part the following parcels or tracts of land, viz:" (Here follows the description.) "To have and to hold unto the said Stephen and unto his heirs forever. In witness whereof the said Long and wife have this day set hereunto their hands and seals, day and year above written.

"JOSEPH LONG.       [SEAL]

"ELLENOR (X) LONG.   [SEAL]."

The deed bears certificates of proper knowledgment by both grantors, and of record, on the day of its date.

The other facts are stated in the opinion.

*Bristow & Lighter* for plaintiffs in error.

(1) Stephen Higbee was a trustee of an express trust. "Any expression manifesting an intention that the donee of property is not to have the beneficial enjoyment of the whole or some part of it, will be binding on the conscience of the trustee, and will in equity effectually exclude any claim by him of the beneficial interest." Hill on Trustees [2 Am. Ed.], page 83. "It is one of the fixed rules in equitable con-

struction, that there is no magic in particular words, and any expressions that show unequivocally the intention of the parties to create a trust will have the same effect." Same author, *seq. supra.* (2) That Long intended the land as a gift to his daughter, Letitia, is manifest from his language, else why insert the language "in consideration of mutual love and affection which he bears to his daughter." Had Stephen Higbee bought this land with money belonging to his wife as a gift from her father, and took deed to himself, a court of equity would have held him as trustee for the wife. *Broughton v. Brand,* 94 Mo. 169.

*R. E. Anderson* for defendant in error.

(1) The deed relied upon by appellants vested in Stephen Higbee a fee simple title. It was not necessary that the word "assigns" should be added for that purpose. The English common law as declared in *Shelley's case* was in force in Missouri at the time of the making of said deed. The deed was dated in 1838, and of course must be governed by the law then in force. *Muldrow v. White,* 67 Mo. 470; *Wilkinson v. Clark,* 28 Central Law Journal, 191; Tiedeman on Real Property, sec. 885, and authorities there cited. (2) Appellants declare on an express trust. How any such interpretation of the deed relied on by appellants can be made, is past the comprehension of respondent. If it is not contended that the alleged trust is a resulting trust or one created "by construction, implication or operation of law," then it falls within the provision of the statute of frauds and can not be enforced. *Lantry v. Lantry,* 2 Am. Rep. 310. Query: Can appellant declare on an express trust and recover on an implied trust? (3) The case of *Broughton v. Brand,* 94 Mo.

169, cited by appellant, is based upon an entirely different state of facts, and has no application whatever to the issues made by the pleadings and evidence in the case at bar. (4) The petition on its face, as well as the evidence introduced by defendant, showed the action barred by the statute of limitation, and the court committed no error in overruling appellants' motion to strike out the plea or in rendering judgment for respondent. In implied trusts the statute of limitation begins to run as soon as the party has a right to commence a suit to declare and enforce the trust. *Smith v. Ricords*, 52 Mo. 581; *Hill v. Baily*, 8 Mo. App. 85, approved 76 Mo. 454. (5) The claim of appellants, if any they have, is "stale," and stale trusts are not favored in equity. Wood on Limitations of Actions, p. 214.

BARCLAY, J.—The object of this suit in equity is to secure the declaration of a trust in certain land, in favor of the heirs of Letitia Higbee, and a decree vesting the title in plaintiffs as her heirs.

The defendant denies the trust, and sets up the statute of limitations.

The facts shown by plaintiffs' evidence are that, in 1838, Joseph Long and wife conveyed to Stephen Higbee the land in controversy and other real estate, by the deed which is recited in full in the statement preceding this opinion.

Stephen Higbee and his wife, Letitia, lived on the land until her death in 1855. She left three children. One died in infancy, and the others are the plaintiffs.

Stephen married the defendant afterwards, and continued to reside on the property until his death in January, 1888.

Defendant, his widow, lives on the land and claims it as owner in fee.

This suit was brought in December, 1888.

The land conveyed by Mr. Long and wife to Stephen Higbee was a tract of one hundred and sixty acres, worth between $1,200 and $1,600 at that time.

The plaintiffs assert title as heirs of Letitia Higbee. They make no claim as heirs at law of Stephen, but allege that they have no remedy at law, and hence go into equity to have a trust declared.

In their petition they charge that the intention of the grantors, in the deed of the sixteenth of January, 1838, was to convey the real estate to Stephen Higbee, "in trust for his wife Letitia and for her and her heirs, without any beneficial interest in said Stephen Higbee, except such as he would have and enjoy as the lawful husband of said Letitia, and as a naked trustee to hold the title to said real estate for said Letitia and her children and heirs at law; and that said real estate was given and advanced to the daughter of said grantors as a provisional advancement to her by said grantors.

The testimony submitted by plaintiffs to support these allegations consists of proof of the heirship of the parties, and the other facts above stated, together with the language of the deed.

There is no other evidence tending to show any such trust as is alleged.

The plaintiffs contend that the deed of itself made Stephen Higbee the trustee of an express trust for his wife, Letitia, and her heirs, in respect of the land in suit.

Concede, for argument, that the conveyance should be regarded as a gift to Stephen, as plaintiffs claim.

There is no principle of jurisprudence that prevents a father-in-law, owning real estate, from giving the same, or any part thereof, to his son-in-law. The transaction does not necessarily raise a trust in favor

of the daughter who may be the meritorious, moving cause of such a conveyance.

The deed vested in Stephen Higbee a fee simple title to the land at the time it was executed (1838). Nothing in its language can be construed as creating a trust for the heirs of Letitia.

The plaintiffs rely entirely on its terms for proof of the trust, and we think those terms fall short of expressing any such intent.

There is nothing in the facts tending to show an implied trust, even if plaintiffs could resort to that theory in view of their allegations of an express trust.

In no aspect of the facts do we consider that plaintiffs' testimony establishes any sort of trust in their favor as heirs of Letitia Higbee.

The learned trial judge was entirely correct in ruling that plaintiffs had failed to make out a case.

The judgment is affirmed. BLACK, C. J., and BRACE and MACFARLANE, JJ., concur.