Lewis *et al. v.* Stanley *et al.*

tions urged by appellant are not tenable, and the validity of the law is sustained and the judgment affirmed.

LEWIS·ET AL. *v.* STANLEY ET AL.

[No. 17,701.   Filed Jan. 5, 1897.   Rehearing denied Sept. 23, 1897.]

|     |     |
| --- | --- |
| 148 | 351 |
| 149 | 449 |
| 150 | 301 |
| 148 | 351 |
| 169 | 644 |

APPEAL AND ERROR.—*Cross-Errors.—Special Findings.—Exception.* —Cross-errors assigned to a conclusion of law in a special finding cannot be considered on appeal where no exception was taken to such conclusion of law. *pp. 352, 353.*

FRAUDULENT CONVEYANCES.—*Husband and Wife.—Tenants by Entireties.*—A conveyance of real estate by a husband and wife to a third person to be by him conveyed to such husband and his wife as tenants by entireties, is fraudulent and void as to the creditors of the husband if made without consideration; or if made for the purpose of hindering, cheating and delaying such creditors. *p. 355.*

ADVANCEMENTS.—*Father to Daughter.—Husband and Wife.—Advancement Applied to Purchase Money of Real Estate.—When No Trust Created in Favor of Wife.*—A father may make advancements to his daughter by deeding land to her husband, and such disposition of the advancement will not make the husband a trustee for his wife, unless the trust is expressly declared or may be implied from the circumstances of the case, or unless there is a constructive trust by reason of fraud on the part of the husband in taking the deed in his own name. *p, 356.*

HUSBAND AND WIFE.—*Advancements.—Equity of Wife in Real Estate Purchased by.*—Equity will not enforce a lien in favor of the wife at the death of her husband to a one-half interest in real estate held by the husband, as against creditors, on account of money furnished by the wife's father as an advancement to her, and used in payment of one-half of the purchase-price of such real estate, where the deed to the real estate was made to the husband with the consent of the wife's father who made the advancement and paid same to the grantor after the deed was so made. *pp. 355, 356.*

APPEAL AND ERROR.—*Theory.—Change of on Appeal.*—A party cannot seek relief by one theory in the pleadings and evidence introduced in the trial court, and then ask to have relief given on another theory on appeal. *p. 357.*

HUSBAND AND WIFE.—*Advancements.—Equitable Lien of Wife on Real Estate of Husband.—Enforcement.*—Equity will not enforce a lien in favor of the wife on real estate of the husband while she holds real estate conveyed to her by the husband in lieu of such lien, although not accepted by her as such. *p. 357.*

From the Noble Circuit Court.   *Reversed.*

*L. W. Welker* and *W. L. Taylor*, for appellants.

*H. G. Zimmerman, H. C. Peterson, R. W. McBride* and *C. S. Denny,* for appellees.

HOWARD, J.—The appellee, Comfort E. Stanley, is the widow and also the administratrix of the estate of Henry L. Stanley, deceased. This action was brought by the appellants, as claimants against the estate of said decedent, to set aside as fraudulent two deeds, one given by Henry L. Stanley and wife to the appellee, Abe Ackerman, and one from said Ackerman to Henry L. Stanley and Comfort E. Stanley, as husband and wife, and to subject the land so conveyed to the payment of said claims. Comfort E. Stanley answered the complaint by general denial, and also by a special plea to which a demurrer was sustained. She also filed a cross-complaint asserting her ownership of said land in fee simple, and asking to have her title quieted. The facts were found specially by the court, with conclusions of law; (1) that the deeds in question should be set aside as fraudulent against creditors; (2) that Comfort E. Stanley was the equitable owner of the undivided one-half of said land, and (3) that the remaining undivided one-half of the land should be sold in payment of the debts of said estate, subject to the right of the widow to the one-third thereof. The appellants contend that the court erred in its second and third conclusions of law, and also in overruling the motion for a new trial. The appellees assign cross-error as to the first conclusion of law, and also as to the action of the court in sustaining the demurrer to the special answer. The cross-errors, however, cannot be considered. Appellees took no exception to the first conclusion of law, and they have not discussed in their

Lewis *et al. v.* Stanley *et al.*

brief the alleged error of the court in sustaining the demurrer to the special paragraph of answer. Moreover, we do not think there was any error in the rulings complained of. See, as to the affirmative answer, *Crow* v. *Carver*, 133 Ind. 260.

The facts as found by the court show: (1) That on August 26, 1884, the land in question was conveyed to Henry L. Stanley by his father for $4,000.00, of which sum $2,000.00 was treated as an advancement by the father of said Henry L., and the remaining $2,000.00 paid by the father of Comfort E., as an advancement to her husband and herself. She and her husband soon after joined in a receipt showing that her father had advanced 'her said sum of $2,000.00; (2) that the deed for the land was written, signed, and acknowledged in the absence of Henry L. and his wife, and afterwards, on the same day, Henry L. Stanley, together with his father and his wife's father, went to the office of the justice who had written the deed, and where the same was ready for delivery, at which time and place the deed was delivered to Henry L. by his father, his wife's father also then and there paying to Henry L.'s father said $2,000.00, the one-half of the purchase price of said land, for and on behalf of his said daughter; (3) that the conveyance so made was executed to and in the name of Henry L. Stanley alone, without the knowledge or consent of his said wife; (4) that the deed so made was accepted by said Henry L. Stanley, and duly recorded; (5) that on December 12, 1887, Henry L. Stanley purchased two lots in the town of Albion for $1,100.00, and placed the title thereto in the name of his wife, for the purpose of paying her the amount her father had put in the real estate in question, and thereafter he made improvements on said lots until he considered that he had

made good to her the amount her father had advanced
to them; that he owed no debts at the time when the
title to said lots was so vested in his wife; but there
is no evidence that she accepted or agreed to accept,
and she did not accept the title to said lots in lieu of
or in satisfaction of any right, title, or interest she had
in the lands in question; (6) that on April 16, 1889,
Henry L. Stanley purchased a second tract of land,
paying part cash and assuming a mortgage debt for
the remainder.    This mortgage being foreclosed, he
and his wife executed another mortgage on the same
land to obtain money to pay off the first mortgage
debt; (7) that on October 12, 1893, Henry L. Stanley
and his wife conveyed the land in controversy to the
appellant Ackerman, and on the same day, and as a
part of the same transaction, Ackerman reconveyed
the land to Stanley and wife, to be held by them by
entireties; (8) that there was no consideration for
either of the said conveyances, but they were both
made for the purpose of placing the title to said real
estate in the joint names of Henry L. Stanley and his
wife, with the full knowledge on their part that the
land would thus be placed beyond reach of the cred-
itors of Henry L. Stanley, and the further purpose of
cheating, hindering, delaying, and defrauding such
creditors; (9) that until several days after her hus-
band's death, Comfort E. Stanley had no knowledge
at any time that her husband was indebted to anyone
except as to the mortgage debt mentioned in finding
six, and also a debt due to the appellant, Walker,
which latter debt is likewise secured upon the prop-
erty for which the indebtedness was incurred; (10)
that the land in controversy, on October 12, 1893, when
it was conveyed to Henry L. Stanley and wife to be
held by entireties, was worth $3,200.00; (11) that
Henry L. Stanley was then insolvent, and so remained

until his death, November 6, 1893; (12) that on November 21, 1893, Comfort E. Stanley was appointed administratrix of her husband's estate, and is claiming to be the owner of the real estate in controversy by reason of the conveyance mentioned in finding seven; (13) that the estate of Henry L. Stanley is insolvent; (14) that the mortgage mentioned in finding six has been foreclosed, and there remained a balance of the judgment thereon due and unpaid after the sale of the mortgaged land, which balance is still unpaid; (15) that other claims filed and allowed against said estate, and claims filed but not allowed, all remain unpaid; (16) that appellant's several claims, in the amounts named, are just claims against said estate; (17) that all said indebtedness was contracted and in existence on the 12th day of October, 1893, when the transfers in dispute were made; (18) that the entire personal estate of Henry L. Stanley, over and above the $500.00 taken by the widow, is $125.80, being but a very small part of the indebtedness aforesaid.

There can be no question that the first conclusion of law, namely, that the conveyances under which Comfort E. Stanley claims title to the land in controversy are fraudulent and void as against the creditors of Henry L. Stanley, deceased, and that they should be set aside as to such claims. The findings show that at the time said conveyances were made, Henry L. Stanley was hopelessly insolvent; that he died a few days thereafter, still insolvent, and that his estate is insolvent. It is, besides, expressly found that the conveyances were made without consideration, and with the purpose of cheating, hindering, delaying and defrauding the creditors of Henry L. Stanley. These findings are abundantly supported by the evidence.

But, in its second conclusion of law, the court held that Comfort E. Stanley is the owner of the equitable

title to the undivided one-half of said land.   If this
conclusion is correct, it must be by reason of the first
four findings made by the court.   The first finding
shows the making of the deed to Henry L. Stanley by
his father.   One-half the consideration for this deed
was remitted by way of advancement from the father
to the son.   The other one-half was paid to Henry L.
Stanley's father by his wife's father, "as an advance-
ment to him and his wife Comfort E. Stanley," and
for which, shortly thereafter, the wife's father took a
joint receipt from the young husband and wife, "show-
ing that he had advanced her said sum of $2,000.00."
A father may make an advancement to his daughter
by paying for land, the deed to which is taken by her
husband in his own name.   *Baker* v. *Leathers*, 3 Ind.
558.   The father may thus make the advancement in
the manner he thinks best, and, even if the daughter
should object, still he might, by will or otherwise, thus
fix the portion to be given to her.   The property be-
longs to the father to do with as he deems best; and it
does not follow that because the advancement is so
made the land does not belong wholly to the husband.
There is nothing in the findings or in the evidence to
show that any trust in favor of Comfort E. Stanley
was created by the deed to her husband.   That deed
was made to him by his father, and was completed
and ready for delivery before his wife's father paid
any part of the $2,000.00.   The matter was wholly ar-
ranged by the respective fathers.   As a matter of fact,
though, the daughter did give her consent that the
payment by her father of a part of the purchase price
of the land held by her husband should be taken as an
advancement to her.   By the joint receipt given by her
and her husband to her father, she, so far as she had
any control over the matter, ratified the act of her
father, and thus agreed that the deed should be held
by her husband as owner of the land.

In *Hileman* v. *Hileman*, 85 Ind. 1, where a father had made an advancement to his daughter by reducing the price of land conveyed by him to her husband, it was held that the husband, in the absence of any agreement or understanding then had, was not liable to his wife, as trustee or otherwise, for the amount of the advancement. "The transaction," said the court, "amounted to a gift to the husband."

The record also shows, in the case at bar, that the theory upon which the appellee, Comfort E. Stanley, proceeded during the whole trial was, that she was the owner in fee simple of all the land in controversy by virtue of the deeds found by the court to be fraudulent. The complaint asked simply to have these deeds set aside, and that the land be sold to pay the debts of the decedent. She answered to this by a general denial, and by filing a cross-complaint asking to have her title quieted as to all the land. Her evidence as given in the record shows the same theory, and the court expressly finds this to have been her claim. But it has often been held that a party cannot seek relief on one theory in the pleadings, still less in the pleadings and evidence introduced, and then ask to have relief given on another theory. *Johnson* v. *Pontious*, 118 Ind. 270, and cases there cited.

In addition, there can be no question that the legal title to the land in controversy was in Henry L. Stanley, under the deed from his father. Even, therefore, if the appellee might, against the appellant's complaint, defend her right to an undivided one-half of said land by an appeal to the equity side of the court, still she then would be required to do equity as well as to ask it. The court finds that she received from her husband the two town lots, with improvements thereon, as an equivalent for the amount paid by her father towards the purchase price of the land held by

her husband. This town property she still holds under the claim that she did not agree to accept it for the purpose for which her husband gave it to her. This is not doing equity, but standing on her legal right. In a court of conscience, she cannot have the legal right to one property, given to her on equitable considerations in relation to the other, and also have the equitable right to the other property against the legal right of its owner, who had given her the equivalent of any possible equitable interest she might have in it. If law prevails over equity as to the deed held by her, so should it also as to the deed held by her husband.

Appellee must therefore fail, whether we consider her legal rights or her equitable claims. It was of course competent for the husband and wife so to transfer this property that they might hold it by entireties, whatever reasons they might have for so doing, provided, only, they did not thus predjudice the rights of *bona fide* creditors. The legal title of the husband, which he retained for over nine years, will be upheld for the protection of such creditors. In the absence of any lien under which she is liable, the widow has, of course, her statutory one-third interest in her husband's lands; but the facts in this case do not disclose any further interest of hers against creditors in the land in controversy.

The court therefore erred in its second conclusion of law, while, in the third conclusion of law, it should have been found that all, instead of the undivided one-half of the land in dispute, ought to be sold in payment of the debts of the estate, subject to the widow's rights in the undivided one-third thereof.

The judgment is reversed, with instructions to the court to restate its conclusions of law in accordance with this opinion, and to render judgment thereon in favor of the appellants.

Lewis *et al. v.* Stanley *et al.*

## ON PETITION FOR REHEARING.

HOWARD, J.—It was alleged in the complaint in this case that, for the purpose of defrauding appellants and other creditors, appellee and her husband had, through a third person, caused certain real estate held by her husband to be conveyed to the husband and wife to be held by them by entireties. The prayer was that the deeds for such conveyance be set aside as fraudulent and void as to said creditors. To this complaint the appellee filed a general denial. She also filed a special answer, setting out the facts as to how the deed to the land had originally been made to her husband, as stated in the principal opinion. It is further averred in the special answer that, at the time the land was originally deeded to her husband, and the advancement made to her by her father, it was her intention and that of her husband "to have the said title made to them jointly," and that "the same would have been so made if they or either of them had been present when said deed was written;" also, that she and her husband always intended to have said title made to them as husband and wife, and that the conveyances claimed in the complaint to have been fraudulent were made to carry out such intention, and without any fraudulent design on the part of either. To this paragraph of answer the court sustained a demurrer. Appellee also filed a cross-complaint claiming to be the owner in fee simple of the land in controversy, and asking that her title be quieted. After finding the facts, the court, as its first conclusion of law, found that the deeds in question "are fraudulent and void as against the creditors of said Henry L. Stanley, deceased, and that the same should be set aside as to said claims." It does seem to us that this was a complete disposition of all the

issues raised in the pleadings. But to this conclusion of law the appellee took no exception and made no objection. If, however, the position now taken by appellee were tenable, namely, that the husband from the beginning had held the land jointly with his wife and in trust for her, such conclusion of law would be unwarranted. By failing to except to the conclusion of law when made, we think, appelleee precluded herself from making the contention here urged.

But appellee's whole argument rests upon an unsound basis. It is not true that appellee ever paid anything for the land, and consequently the authorities cited of cases where a wife had paid for land taken in the name of her husband are not here in point. The money was paid by her father, as he himself testified on the trial. It is true that the money was paid by him as an advancement to his daughter, as held in the principal opinion; but, as there also held, a father may make an advancement to his daughter by deeding land to her husband. The money belongs to the father, and he may make this disposition of it for the benefit of his child, if he so sees fit. Nor will this disposition of the advancement make the husband a trustee for his wife, unless the trust is expressly declared, or may be implied from the circumstances of the case, or unless there is a constructive trust by reason of fraud on the part of the husband in taking the deed in his own name.

In 1 Beach on Trusts and Trustees, section 164, it is said: "The rule under which a conveyance to a wife or child is presumed to be an advancement applies, in the absence of any modifying circumstances, to the relations of a husband or wife to a son-in-law. Where land is conveyed to a son-in-law in the distribution of an estate there will be no trust in favor of the daughter as his wife."

Lewis *et al.* v. Stanley *et al.*

In the same section the author, citing also the case of *Noe* v. *Roll*, 134 Ind. 115, says: "In the absence of any showing that a son-in-law was guilty of a breach of trust or confidence in taking title to the land in his own name, where conveyance was made to such son-in-law by a father as an advancement to his daughter, no trust results to the daughter under the statute, which creates an implied trust where the alienee, in violation of some trust, has purchased the estate with money not his own."

Indeed the case of *Noe* v. *Roll, supra*, cited by Mr. Beach, comes much nearer showing the trust relation than does the case at bar. It was alleged in that case that the father, desiring to make an advancement to his daughter, conveyed certain lands to her husband "to hold in trust for her and to her use and benefit; that he paid no consideration for said lands, and accepted and went into possession intending to execute such trust." There was no express trust in that case, as there is none in this; neither was there any claim there, as there is none here, that the husband practiced any fraud in having the title placed in his own name. The court held further that no implied trust was shown.

If appellee's father had wished to have the title to the land placed in her name jointly with that of her husband, as she now claims, he could have had the deed so drawn. He, however, chose to have the advancement made to her by putting the land in the name of her husband. The husband had nothing to do with the matter, save to accept the deed as made. The transaction does not show fraud; neither does it disclose any intended trust.

See further the well considered case of *Acker* v. *Priest*, 92 Iowa, 610, where numerous authorities are cited and discussed, and a like conclusion reached.

Petition overruled.