HEATH, ADMINISTRATOR, *v.* CARTER. ·

[No. 2,426.   Filed April 27, 1898.]

EVIDENCE.—The Appellate Court will not reverse a judgment on the evidence where there is evidence sustaining the judgment.  *p. 85.*

SAME.—*Harmless Error.*—It is harmless error to refuse the admission of evidence tending to prove matters established by other uncontradicted evidence and shown to exist by the special findings. *pp. 85, 86.*

TRUSTS.—*Advancements.*—*Husband and Wife.*—Where a father made an advancement to his daughter's husband without any intention or agreement of the parties that the money should be repaid to the wife, no trust was thereby created in her favor.  *pp. 83-87.*

From the Fountain Circuit Court.   *Affirmed.*

*Elwood Hunt, George Boswell, J. A. Lindley* and *O. P. Lewis,* for appellant.

· *A. Marshall & Son* and *Nebeker & Simms,* for appellee.

HENLEY, J.—Appellant was the plaintiff in the lower court, and brought this action against appellee by a complaint in one paragraph in which it is alleged that appellee was at the time of the death of appellant's intestate her husband; that in the month of October, 1876, plaintiff's intestate died, leaving surviving her this appellee, her husband, and five chil-

dren; that during said marriage appellant's decedent received from her father the sum of $2,000.00 in property and money as a gift or advancement from her said father; that said decedent being the wife of appellee turned the money and property over to her said husband, and that said appellee received the same from her in trust, and thereupon took said money and used it to purchase lands, taking the title in his own name, and otherwise used said moneys for his own benefit; that appellee has failed and refused to account for said moneys, and appellant demands judgment for the amount with interest. To the complaint stating these facts, appellee filed an answer in two paragraphs. The first was a general denial; the second, that the cause of action did not accrue within six years prior to the commencement of this action. To the second paragraph of answer appellant replied the general denial. There was a trial by the court. Upon request of the appellant the court made a special finding of facts. Upon the facts as found the court stated his conclusions of law, and rendered judgment in favor of appellee, defendant below. The facts as found by the court are substantially as follows: On the 6th day of February, 1862, appellee and appellant's intestate were married and continued to live together as husband and wife until the death of appellee's wife in October, 1876. While said marriage relation existed, the appellee herein received in money and property from his father-in-law the sum of $1,700.00, which said money and property was delivered by the father-in-law to appellee, and was meant and intended to be appellee's wife's share of her father's estate, and appellee and his wife both knew when the said money and property were so received as aforesaid, that it was meant and intended by the said wife's father as her share in his estate.

The father of appellant's intestate and the father-in-law of appellee was one Joshua Cartright. Appellee received said money and property from Cartright, and did not agree either with him or with appellant's intestate to pay at any time appellant's decedent any part of said money or to turn over to or pay her for any of said property, nor to hold said money or property in trust for her in any form whatever. It was not intended or expected, when said money and property was delivered to appellee, either upon the part of said Cartright or of appellant's intestate, that appellee should pay over to said plaintiff's intestate any part of said money or deliver to or account for to said intestate any part of said property, and it was meant and intended by said Cartright and plaintiff's intestate that appellee should keep and use said money and property as his own.

The facts as above detailed are substantially as found by the court; they are fairly within the issues presented and are sustained by the evidence. The rule that the Appellate Court of this State will not weigh the evidence must be strictly adhered to. A deviation from the firmly established rule would lead to almost innumerable appeals and virtually mean to litigants at least two trials upon the merits of every controversy.

Reasons numbered twelve, thirteen, fourteen, and fifteen of appellant's motion for a new trial, relate to the alleged error of the lower court in excluding certain evidence offered by appellant upon the trial of the cause. If error at all, it was harmless error to refuse that part of the testimony offered by appellant which might have tended to prove that appellee received the moneys herein sued for, because the same facts were established by other and uncontradicted evidence, and its refusal could not have been prej-

udicial to appellant, besides it is found by the court in the special finding of facts, that the appellee did receive the money from the said Cartright. The other evidence refused was all immaterial, and there was no error in refusing it.

Upon the facts found by the court, the conclusions of law could not have been different. Joshua Cartright had a perfect right to give to appellee, his son-in-law, the money and property in controversy. It was the property of said Cartright, and not the property of appellant's decedent. In the case of *Lewis* v. *Stanley*, 148 Ind. 351, the Supreme Court of this State, speaking by Howard, J., say: "The father may thus make the advancement in the manner he thinks best, and, even if the daughter should object, still he might, by will or otherwise, thus fix the portion to be given to her. The property belongs to the father to do with as he deems best; and it does not follow because the advancement is so made the land does not belong wholly to the husband. There is nothing in the findings or the evidence to show that any trust in favor of Comfort E. Stanley was created by the deed to her husband." And so in this case, there is nothing in the findings or the evidence to show that the receipt of the money by appellee created a trust in favor of appellant's decedent.

Special finding numbered four is as follows: "The court further finds that there was at the time said money and property was so delivered by said Cartright to the defendant, no expectation on part of either of said Cartright or of plaintiff's intestate that the defendant should pay any part of said money or deliver any part of said property to the plaintiff's intestate. *And that it was meant and intended by said Cartright and plaintiff's intestate that the defendant should keep and use said money and property as his own."*

The Cleveland, etc., R. W. Co. *et al. v.* The Edward C. Jones Co.

This finding directly negatives the existence or the contemplation of any trust by either of the parties to this transaction. It is a finding made by the trial court in an action begun nearly twenty years after the death of the party in whose interest the trust is sought to be established. We believe the cause was fairly tried and a correct conclusion reached by the lower court. Judgment affirmed.