## COLE et al. v. THOMPSON et al.

(Circuit Court, N. D. West Virginia. April 30, 1909.)

1. TRUSTS (§ 81*)—RESULTING TRUST—RELATION OF GRANTEE.

Where a person invested with title to land without having paid a consideration is the wife, son, or near relative of the grantors, or one to whom the purchaser has placed himself in loco parentis, there is no resulting trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 115–118; Dec. Dig. § 81.*]

2. TRUSTS (§ 82*)—CONVEYANCE TO HUSBAND—ADVANCEMENT TO WIFE.

A conveyance to a son-in-law by absolute deed, as an advancement to the wife, does not create a trust in her favor.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 119, 120; Dec. Dig. § 82.*]

3. TRUSTS (§ 82*)—DEED OF ADVANCEMENT—CONSTRUCTION.

A deed conveyed certain land to C., who was the grantor's son-in-law, and declared that the land was given to the grantee as an advancement of the distributive interest of his deceased wife's children in the estate of the grantors in any future division thereof, to be valued at $3,000, advanced to the infant sons and the only heirs at law of said deceased daughter out of the grantor's estate. *Held*, that the deed did not create a trust of the land in the grantee for the benefit of such sons.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 119, 120; Dec. Dig. § 82.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. TRUSTS (§ 88*)—DEED OF ADVANCEMENT—PROOF BY PAROL.
   A deed or advancement absolute on its face may be shown by parol to have been in fact a trust.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 130–133; Dec. Dig. § 88.*]

5. TRUSTS (§ 357*)—CONVEYANCE BY TRUSTEE—RIGHTS OF CESTUI QUE TRUST.
   Where a trustee, holding under a deed absolute on its face and not disclosing a trust, conveys to an innocent purchaser, the cestui que trust cannot disturb the title of such purchaser, but must follow the proceeds of the sale as the trust fund in the hands of the trustee.

   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 539–552; Dec. Dig. § 357.*]

In Chancery.

In consideration of love and affection, on June 17, 1898, J. P. Ashcraft and wife conveyed to William C. Cole, in fee simple, 97½ acres of land in Wetzel county, W. Va., reserving, however, one-sixteenth part of the oil within and thereunder and one-half of all money thereafter paid for gas produced from said land, as also the rental for that year under the oil and gas lease, but not longer. A private right of way was also reserved over said land for the use and benefit of another tract of 62½ acres, conveyed by the grantors on the same day to Media E. Maple. The closing paragraph of the deed recites: "The grantee in this deed is a son-in-law of the grantors the surviving husband of Jennie Cole, deceased, who was a daughter of grantors and said 97½ acres of land is hereby given and conveyed to the grantee as an advancement of the distributive interest of said Jennie Cole's heirs in the estate of the grantors in any future division or distribution of the grantors' estate to and among their heirs, the 97½ acres of land hereby given and conveyed is to be estimated and conveyed at three thousand dollars advanced to Glancy Cole and Edwin Cole, infant sons and only heirs-at-law of said Jennie Cole, deceased, out of grantors' estate." This deed was properly executed, acknowledged, and recorded.

By deed of general warranty, bearing date December 11, 1900, William C. Cole sold and conveyed to Josiah V. Thompson, Margaret J. McClelland and Charles H. Gorley the Pittsburg or river vein of coal thereunder with necessary mining rights and privileges, and Gorley by deed, dated April 6, 1906, conveyed to said Thompson his undivided interest therein. These two deeds duly executed have been admitted to record.

On the 28th day of November, 1908, these infant children, by their next friend, instituted this suit in the circuit court of Wetzel county, W. Va., against Josiah V. Thompson, Margaret J. McClelland, and Charles H. Gorley. By their bill they allege themselves to be the infant children of William C. Cole and Jennie Cole, deceased, set forth the conveyance to their father of the 97½ acres, which they charge he, the said William C. Cole, held only the legal title to for their benefit as "fully shown by an inspection of said deed." They set forth the deed of Cole to Thompson, McClelland, and Gorley; also Gorley's deed for his undivided interest to Thompson, and charge that their father, William C. Cole, has departed this life intestate, leaving said infant plaintiffs his sole children and heirs-at-law, whereby they became vested with the legal title, as well as the equitable title to said land. They deny that Cole had any right to convey the coal to the defendants, allege said deeds made by him to them and by Gorley to Thompson to be clouds upon their title, and the prayer of the bill is that they may be set aside and canceled as such clouds.

This cause was removed by the defendants from said circuit court of Wetzel county into this court, by reason of their nonresidence in the state, and they have now entered their demurrer to the plaintiffs' bill.

Hall & Hall, for plaintiffs.
U. N. Arnett, Jr., and Waitman H. Conaway, for defendants.

DAYTON, District Judge (after stating the facts as above). The decision of this demurrer, it will be seen, must depend solely upon the construction of the deed from Ashcraft and wife to Cole. On the one hand, it is insisted that this deed on its face shows simply a conveyance to Cole the father of the legal title to the land to be held by him in trust for his infant children, the grandchildren of the grantors. On the other hand, it is insisted that it was an absolute conveyance in fee simple to Cole with no trust of any kind created thereby. In determining the true construction to be arrived at, it will be borne in mind that no restrictions upon the right to convey how and to whom they pleased existed as against the grantors; that this deed is a conveyance, and not a contract to convey or a covenant to stand seised. It is executed, not executory, binds the estate, and not the person, and conveys both legal and equitable estate to the grantee. It has been held that: When one pays for land, and the title is made to a stranger, the presumption is that he who paid intended to own; but if the person invested with title is the wife, son, or near relative, or one to whom the purchaser has placed himself in loco parentis, there is no resulting trust. Also that a conveyance to a son-in-law by deed absolute, as an advancement to his wife, does not create a trust in her favor. In such case the father has right to dispose of his property as he will. In making an advancement to his daughter he may well determine that the property may be best vested in her husband with absolute title and the right of disposition trusting to him to see to its application to their joint enjoyment. In a case like this it was not only reasonable but natural for these grandparents to assume that the father could and would best conserve the interest of these infants by being vested absolutely with the property. During their minority they would be subject to his control, and he would be chargeable with the cost of their maintenance and protection.

That motives of this character actuated the execution of this absolute deed is clear from its terms, for it would have been just as easy by specific terms to have constituted a trust in favor of these infants if any such had been intended. The legal principles governing are well settled by very many authorities, among which may be cited: Noe v. Roll, 134 Ind. 115, 33 N. E. 905; Lewis v. Stanley, 148 Ind. 351, 45 N. E. 693, 47 N. E. 677; Heath v. Carter, 20 Ind. App. 83, 50 N. E. 318; Thompson v. Thompson, 18 Ohio St. 73; Acker v. Priest, 92 Iowa, 618, 61 N. W. 235; Higbee v. Higbee, 123 Mo. 287, 27 S. W. 619; Roberts v. Coleman, 37 W. Va. 143, at page 156, 16 S. E. 482; Kyle v. Conrad, 25 W. Va. 760, at page 776; Hamilton v. Steele, 22 W. Va. 348; Harris v. Elliott, 45 W. Va. 245, 32 S. E. 176; Rogers v. Rogers, 52 S. C. 388, 29 S. E. 812; Mosely v. Mosely, 87 N. C. 69.

But it has been repeatedly held that a deed absolute upon its face may be shown by evidence to have been a trust. As to whether this can be done in regard to a deed of advancement of this character the authorities differ. In South Carolina, in Rogers v. Rogers, supra, it is held:

"Where a father-in-law conveyed land to a son-in-law as an advancement to his daughter, parol evidence is inadmissible to prove an express trust in favor of the daughter."

I am inclined to think that the law in West Virginia, as laid down in such cases as we have above cited, does not agree with this South Carolina ruling, but would establish such trust by full, clear, and satisfactory evidence as between the parties privy thereto, but not otherwise.

In case a deed absolute upon its face and not disclosing a trust should, after conveyance by the grantee to an innocent purchaser of the trust subject, be shown to have in fact created such trust, the cestui que trust, by universally conceded principles, would be allowed to pursue the trust fund arising in the hands of its trustee; but he would not be permitted to disturb the conveyance to and title of the innocent purchaser in and to the trust subject itself, as sought to be done in this case. No effort is here made to pursue such fund in the hands of the grantee Cole for the simple reason that he is charged to be dead and his property to have vested in the infant plaintiffs as his sole heirs at law. The bill charges no fraud upon the defendant purchasers of the coal underlying the land or any knowledge of the existence of any trust in favor of the infant plaintiffs other than that disclosed by the deed itself. This, as I have above said, in my judgment, establishes no such trust, but, on the contrary, strongly refutes the idea that any such was originally contemplated or created.

The demurrer must be sustained.