## LUHRING LUMBER COMPANY *v.* BEAN ET AL.

[No. 13,141.   Filed November 20, 1928.   Rehearing denied February 13, 1929.]

*James T. Walker, Henry B. Walker, Alvin F. Sutheimer* and *Forrest M. Condit,* for appellant.

*Embree & Baltzell,* for appellees.

REMY, J.—Action by appellant against appellees on account. To the complaint there was an answer in two paragraphs: (1) Denial; and (2) payment. Trial resulted in a finding and judgment for appellees.

Account sued on was for lumber sold and delivered appellees. It was appellant's theory at the trial that the lumber was sold to appellees by A. Dale Ford who at the time was its agent, as appellees well knew. Appellees admitted that they received the lumber, and that it was sold to them by Ford, but denied that Ford at the time was acting as the agent of appellant.

It appears from the evidence that Ford had previously been in business for himself, and when he sold the lumber to appellees, he was indebted to them in a sum in excess of the amount for which the lumber was sold; and that when the lumber purchased of Ford had been received by appellees, they gave Ford credit therefor on his old account.

A further contention of appellees at the trial was, and now is, that if Ford was the agent of appellant at the time they bought the lumber, the fact of the agency was, as appellant at all times well knew, not disclosed to them, and that, appellant having permitted Ford to deal with them as the principal in the transaction, it was in no position to object to the payment of the account in suit by off-setting against it the old account they held against Ford, citing *Mechem, Agency* (2d ed.) §268.

There were, therefore, two issues of fact presented to the trial court: (1) Was Ford the agent of appellant in making the sale of lumber; and (2) if Ford was such agent, was the fact of agency disclosed to appellees?

On the trial, in support of its contention that Ford was its agent, appellant offered in evidence the written contract of agency executed by appellant and Ford, together with Ford's bond given to appellant as a part of the agency contract. Objection to its introduction having

been interposed by appellees, the evidence was excluded by the court. The correctness of the court's ruling is presented for review, and is the only question which will require consideration.

On the issue as to Ford's agency, there is a sharp conflict in the evidence, and in discussing this phase of the testimony, appellees use the following language in their brief: "As to whether or not A. Dale Ford was the agent of the Luhring Lumber Company in the transaction involved here, there is a conflict in the evidence; and the very great preponderance of the evidence supports the proposition that he was not such agent in this transaction." The burden of proving the agency was upon appellant, and the contract was the best evidence of the alleged agency. It is argued by appellees that other evidence of the Ford agency was admitted by the court; that, if the contract had been admitted, it would be evidence merely cumulative in character; and that, therefore, the exclusion of the agency contract was harmless. We do not concur in that view. If the other evidence on that issue had been uncontradicted, or if appellees, during the progress of the trial, had admitted the agency, there would be merit in appellees' contention. *Heath, Admr.,* v. *Carter* (1898), 20 Ind. App. 83, 50 N. E. 318; *Oil-Well Supply Co.* v. *Priddy* (1908), 41 Ind. App. 200, 83 N. E. 623. That is not this case. The evidence is not only conflicting on the issue of agency, but the best evidence on that issue was excluded on objection of appellees. There was no special finding by the court, nor is there any way of determining from the record what the finding of the court was on that issue. For aught that appears from the record, the court may have found that Ford was not the agent of appellant, and on such finding based its judgment for appellees. Under such circumstances, we

cannot say that the exclusion of the evidence was harmless.

Reversed.