BURKHART, ADMINISTRATOR *v.* LOWERY ET AL.

[No. 17,293.   Filed March 13, 1945.]

*John B. Bilderback,* of Oakland City, and *Maurice B. Miller* and *Sanford Trippet,* both of Princeton, for appellant.

*McDonald & McDonald,* and *Embree & Hall,* of Princeton, for appellees.

FLANAGAN, J.—In the trial court the appellant by his complaint, the appellees, Lowery, Siple and Willis, by their joint cross-complaint, and the appellee, Fred Riggs, as administrator de bonis non, with the will annexed of the estate of Emma Burkhart, deceased, by his separate cross-complaint, each sought to be declared the owner of certain personal property. Judgment was for appellee Fred Riggs, as administrator de bonis non, with the will annexed of the estate of Emma Burkhart, deceased, on his cross-complaint, and against the appellant on his complaint, and against the other appellees on their cross-complaint. The sole assignment of error on appeal is the overruling of appellant's motion for a new trial which challenges the sufficiency of the evidence, the legality of the decision and the amount of the judgment.

The evidence on the material facts is undisputed and presents the following situation:

Some time prior to 1940, William H. Lowery and his son-in-law, Elwood Burkhart, started a shoe store in Oakland City, Indiana. Lowery furnished the money, which amounted to $2,000; Burkhart managed the store and the profits were equally divided. In the spring of 1940, a transaction was entered into whereby Emma and Elwood Burkhart became the owners of the store and Lowery took a note for $2,000 signed by both of them with the understanding among the three that the note was not to be paid but was to be taken out of Emma Burkhart's share of his estate upon his death.

On July 3, 1941, William H. Lowery died testate. However his will was not probated. His four children, Emma Burkhart and the appellees, Emmett P. Lowery, Lydia Siple and Macil Willis, entered into a written agreement whereby Emmett P. Lowery was to manage and settle up the affairs of the estate and make a division of what remained after payment of debts among the four children, making allowance for any advancements that had been made.

On July 15, 1941, Emma Burkhart made a will which, omitting the formal parts, reads as follows:

"ITEM 1. It is my will and desire that all of my just debts, and the expenses of my last illness and burial shall first be paid out of the assets of my estate:

"ITEM 2. All of my property of every kind and character, except such as I have inherited from my father, William Harmon Lowery, I give, devise and bequeath to my husband, Elwood Burkhart:

"ITEM 3. I give, devise and bequeath to my husband, Elwood Burkhart, for the term of his natural life, all of the property, both real and personal, remaining at my death, which I have inherited from my father, William Harmond Lowery, with remainder in fee simple to my brother, Emmett P. Lowery, and my sisters, Lydia Siple and Macil Willis, share and share alike; and if my

brother or my sisters, or either of them, shall die before I do, I give, devise and bequeath his or her share of the property so inherited by me from my father, William Harmon Lowery, to his or her children, in fee simple, share and share alike:

"ITEM 4. In the event that I shall survive my husband, Elwood Burkhart, I give, devise and bequeath to my brother, Emmett P. Lowery, and my sisters, Lydia Siple and Macil Willis, in fee simple, share and share alike, all of the property, both real and personal, remaining at my death, which I have inherited from my father, William Harmon Lowery; and if my brother or my sisters, or either of them, shall die before I do, I give, devise and bequeath his or her share of the property so inherited by me from my father, William Harmon Lowery, to his or her children, in fee simple, share and share alike:

"ITEM 5. It is my will and desire that if my husband, Elwood Burkhart, shall take under Item 3 of this my will and testament, he shall have, and he is hereby given, the right to use any portion of the personal property hereby bequeathed to him, which I received by inheritance from my father, William Harmon Lowery, for his maintenance, care, support and comfort, that he shall see fit to use:

"ITEM 6. I hereby constitute and appoint my husband, Elwood Burkhart, the executor of this my will and testament."

On the same day Elwood Burkhart made a will which, omitting the formal parts, reads as follows:

"ITEM 1. It is my will and desire that all of my just debts, and the expenses of my last illness and burial shall first be paid out of the assets of my estate:

"ITEM 2. In the event that my wife, Emma Burkhart, shall survive me, I give, devise and bequeath to her all of my property, of every kind and character, in fee simple, forever:

"ITEM 3. In the event that I shall survive my wife, Emma Burkhart, it is my will and desire that

all of my property, of every kind and character, except the property mentioned in Item 4 hereof, shall be treated as not disposed of by this my will and testament, and that the same shall descend and be distributed in accordance with the laws of the State of Indiana:

"ITEM 4. In the event that I shall survive my wife, Emma Burkhart, and shall take through her, either by will or by inheritance, any portion of the property inherited by her from her father, William Harmon Lowery, I give, devise and bequeath all of such property, of every kind and character, remaining in my hands at the time of my death, to Emmett P. Lowery, Lydia Siple and Macil Willis, the brother and sisters of my wife, Emma Burkhart, in fee simple, share and share alike; and if either of said persons should die, prior to my death, I give, devise and bequeath his or her share of the property above mentioned, to his or her children, share and share alike."

On September 12, 1941, Emma Burkhart died, her will as above set forth was probated and her husband was appointed executor.

On December 4, 1941, upon direction of Emmett P. Lowery a certificate for 2-½ shares of the capital stock of the First National Bank of Oakland City was issued to Elwood Burkhart. This was part of 10 shares owned by William H. Lowery at the time of his death. An equal amount was issued to Emmett P. Lowery, Lydia Siple and Macil Willis.

On the same date, upon direction of Emmett P. Lowery, a certificate for 12-½ shares of the Preferred B Capital Stock of the First National Bank of Oakland City was issued to Elwood Burkhart. This was part of fifty shares owned by William H. Lowery at the time of his death. An equal amount was issued to Emmett P. Lowery, Lydia Siple and Macil Willis.

On the same date Emmett P. Lowery delivered to Elwood Burkhart three U. S. Treasury Bonds for $100 each as a part of the distributive share of Emma Burkhart in the estate of William H. Lowery.

Prior to January 15, 1942, a certificate of deposit for $1500 had been issued to Emma Burkhart as a part of her distributive share of her father's estate. On January 15, 1942, Elwood Burkhart renewed the certificate of deposit for $1,000 in his own name and deposited the other $500 in his personal account which never got below $515 from that time to the time of his death.

On February 18, 1942, Elwood Burkhart died still possessed of each of the several items of property above described and leaving the will hereinabove set forth. Willard Burkhart was appointed administrator with the will annexed, of the estate of Elwood Burkhart, and Fred Riggs was appointed administrator de bonis non, with the will annexed of the estate of Emma Burkhart. They are disputing the ownership of the shoe store, the 2-½ shares of capital stock and the 12-½ shares of Preferred B Capital Stock of the First National Bank of Oakland City, the three $100 U. S. Treasury Bonds, the $1,000 certificate of deposit, and the $500 deposited by Elwood Burkhart in his personal account.

Upon agreement of all the parties to this appeal the shoe store has been sold and the proceeds are being held in escrow subject to the decision in this case.

It is conceded by appellant that the items other than the shoe store were inherited by Emma Burkhart from her father within the meaning of Item 3 of her will, but appellant contends that they do not go to her brother and sisters under that item because she gave

them to her husband before her death. We find no evidence to support such contention and the evidence fully supports the decision of the trial court in regard to these items.

As to the shoe store, appellant contends that the transaction in which the $2,000 note was given constituted a sale, while appellees contend that it was an advancement. In our opinion, so far as the questions here involved are concerned, it matters none which contention is correct.

If the transaction was a sale, Emma Burkhart and Elwood Burkhart became the owners regardless of what money eventually paid the note which was given in payment. Upon her death only her one-half interest would go to her estate, and being her property by purchase and not by inheritance it would be subject to distribution under Item 2 of her will.

What is the effect if the transaction be considered an advancement? An advancement is essentially a complete gift passing title in the lifetime of the donor and therefore cannot be a part of his estate at the donor's death, and cannot be subject to distribution. 1 Am. Jur. 742. A son-in-law may be a donee of an advancement to the daughter. *Lewis* v. *Stanley* (1897) 148 Ind. 351, 45 N. E. 693, 47 N. E. 677; *Meredith* v. *Meredith* (1898), 150 Ind. 299, 50 N. E. 29; *Heath, Admr.* v. *Carter* (1898), 20 Ind. App. 83, 50 N. E. 318. Therefore, in the instant case, if the transaction be considered an advancement, the store was nevertheless given to the daughter and son-in-law and upon her death his one-half still remained his and only her one-half was subject to distribution under her will.

Item 3 of the will concerns only property "inherited" from the testator's father. The language is clear

and unambiguous and there is nothing to suggest that it was the intent of the testator to so use the word "inherit" as to include something which she did not inherit. The same result is obtained therefore whether the involved transaction be considered a sale or an advancement.

Of course the personal representative of Emma Burkhart is entitled to her one-half interest in the store to distribute under Item 2 of the will in the regular course of the administration of the estate.

Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 59 N. E. (2d) 732.