The ESTATE OF Robert W. HUNTER, by Nina Jean HUNTER as Personal Representative, Appellant–Plaintiff,

v.

Charles L. YOUNG, Jr. and/or The Estate of Charles L. Young, Jr. and Miss T's Hair Creations, Appellees–Defendants.

No. 29A02–0306–CV–474.

Court of Appeals of Indiana.

Feb. 10, 2004.

Eric J. Benner, Richards, Boje, Pickering, Benner & Becker, Noblesville, IN, Attorney for Appellant.

Patricia A. Douglass, Hehner & Douglass, Indianapolis, IN, Attorney for Appellees.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-plaintiff the Estate of Robert W. Hunter ("the Estate"), by Nina Jean Hunter as personal representative, appeals the trial court's dismissal of its action against appellees-defendants Charles L. Young, Jr. and/or the Estate of Charles L. Young, Jr. ("Young") and Miss T's Hair Creations ("Miss T's") (collectively, "Appellees"). We affirm.

### Issue

The dispositive issue is whether the trial court erred in dismissing Hunter's action.

### Facts and Procedural History

On July 16, 2000, Hunter was fatally injured on the premises of Miss T's. Young, the owner of Miss T's, was also killed during this incident. An estate was never opened on Young's behalf. Counsel for the Estate eventually contacted a claims specialist employed by Young's insurer, but they failed to reach a settlement. On July 11, 2002, the Estate filed a complaint against Appellees and paid the requisite filing fee, but did not furnish a summons to the clerk. The Estate also mailed a copy of the complaint to the claims specialist. On August 22, 2002, counsel for Appellees entered a limited appearance for the purpose of filing a motion to dismiss, in which Appellees alleged that the Estate's action was time-barred because the Estate had failed to tender a summons to the clerk within the two-year statute of limitations. On April 9, 2003, the trial court dismissed the Estate's action as untimely.

### Discussion and Decision

Indiana Trial Rule 3 provides,

A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and where service of process is required, by furnishing to the clerk as many copies of the complaint *and summons* as are necessary.

(Emphasis added.) Indiana Trial Rule 4(A) provides that a court "acquires jurisdiction over a party or person who under these rules commences or joins in the action, *is served with summons* or enters an appearance, or who is subjected to the power of the court under any other law." (Emphasis added.) Indiana Trial Rule 4(B) provides in pertinent part, "Contemporaneously with the filing of the complaint or equivalent pleading, the person seeking service or his attorney shall furnish to the clerk as many copies of the complaint *and summons* as are necessary." (Emphasis added.) Indiana Trial Rule 4(E) provides in relevant part that "[t]he summons and complaint shall be served together unless otherwise ordered by the court." Our supreme court recently held that a civil action is untimely "if the plaintiff files a complaint within the appli-

cable statute of limitations but does not tender the summons to the clerk within that statutory period." *Ray–Hayes v. Heinamann,* 760 N.E.2d 172, 173 (Ind. 2002), *on reh'g,* 768 N.E.2d 899.

The Estate contends that the trial court erred in dismissing its action as untimely. On the one hand, the Estate claims that service of process (and therefore tender of a summons) was not required because Appellees could not be served,[1] but on the other hand it concedes that it "needed to serve" the insurance claims specialist as Young's purported agent. Appellant's Br. at 10, 11. Assuming, *arguendo,* that the claims specialist was Young's agent, as the Estate alleges, and that the claims specialist was therefore required to be served, as the Estate acknowledges, it then follows that the Estate was required to tender a summons to the clerk when it filed its complaint, or at least before the statute of limitations expired. *See* T.R. 3; T.R. 4(B); *Ray–Hayes,* 760 N.E.2d at 173; *see also* Ind. Trial Rule 4.1(A) (providing that service may be made upon "an individual acting in a representative capacity" by, *inter alia,* "sending a copy of the *summons and complaint* by registered or certified mail") (emphasis added); Ind. Trial Rule 4.7 (providing in relevant part that service may be made upon an agent who "has been designated by or pursuant to statute or valid agreement to receive service for the person being served" as provided in T.R. 4.1). The Estate's discourse on notice and due process ignores our supreme court's unequivocal holding in *Ray–Hayes,* which Appellees correctly observe is not limited to the facts of that case. As framed, the Estate's argument must fail.

Affirmed.

ROBB, J., concurs.

SULLIVAN, J., concurs with opinion.

SULLIVAN, Judge, concurring.

I fully agree that failure of the plaintiff to tender a summons to the Clerk within the period of the Statute of Limitations is fatal to the claim of Hunter's Estate.

However, it occurs to me that there exists a second defect in the filing of the Estate's complaint. Under the circumstances, Hunter's estate had no choice but to seek appointment of a personal representative for the deceased Young and to have the summons issued to that personal representative.

I would further observe that St. Clair could not be the agent of Young for the purpose of receiving service of summons because Young was deceased. Even if during Young's life the insurance claims specialist might have, for some purposes, been Young's agent, any such agency authority terminated with Young's death. *Sawers Grain Co. v. Goodwine,* 83 Ind. App. 556, 146 N.E. 837 (1925).[2]

---

1. Appellees observe that pursuant to Indiana Code Section 29–1–7–4(a), "[a]ny interested person ... may petition the court having jurisdiction of the administration of the decedent's estate ... for the appointment of an administrator for the estate of any person dying intestate." We express no opinion as to whether the Estate could or should have petitioned for the appointment of an administrator for Young's estate. Neither do we express an opinion as to whether Appellees were required to be served for purposes of Trial Rules 3 and 4.

2. There is no showing in the record before us that there was any special relationship between the insurer and Young other than that

of insured and insurer. Neither is there any claim that the insurance contract itself contains a provision for a continuing agency relationship with regard to claim negotiation and settlement or litigation.

To be sure, the insurer was contractually obligated with respect to covered liability incurred by Young during his lifetime, but such obligation or authority did not include authority to accept service of summons in litigation against Young or his estate.