TINKLER ET AL. *v.* SWAYNIE ET AL.

*fg 569*

No. 6657.

*See. fg 569*

CONTRACT.—*Statute of Frauds.—Trusts and Powers.*—Where a contract contains several stipulations, some of which are within the statute of frauds, or that of trusts and powers, and others are not, but such stipulations are mutually dependent, a performance of those within the statute will operate to so separate such stipulations that an action will lie to enforce the unperformed parts of the contract not within the statute.

SAME.—*Parties to Action.*—Where part of a number of joint heirs to real estate make a contract with a third party to purchase said real estate at

sheriff's sale, under a decree of foreclosure, for the benefit of said contracting heirs, the latter have a right to sue in their own names for the enforcement of such contract, even if it enures to the benefit of their co-heirs; and in such an action it is not necessary to make their co-heirs parties defendants.

PRACTICE. —*Appeal.*—*Supreme Court.*—Where one only of several defendants excepts to proceedings of the court below, he can not be heard to make objections in the Supreme Court on behalf of his co-defendants, in matters which do not affect his own interests, even if such co-defendants have not refused, on notice, to join in the appeal.

From the Tippecanoe Superior Court.

*J. A. Wilstach, J. M. Larue* and *F. B. Everett,* for appellants.

*W. D. Wallace* and *A. A. Rice,* for appellees.

WOODS, J.—The assignments of error are, that the court below erred in overruling the demurrer of the appellant Tinkler to the amended complaint, and in overruling said appellant's motion for a new trial.

The appellees sued the appellants upon a complaint, in which were averred substantially the following facts :

That on December 27th, 1866, Nancy Swaynie, the mother of the plaintiffs, was the fee simple owner of certain described real estate situate in Tippecanoe county, Indiana; that on said day, while such owner, said Nancy (her husband, the defendant Thomas Swaynie joining therein), executed a mortgage on said real estate to Catharine Odell, for two thousand five hundred dollars ; that on March 23d, 1869, said Nancy died intestate, leaving as her only heirs at law the plaintiffs and the defendants John R. Swaynie, Jacob Swaynie, Catharine Sullers, Mary Swaynie, Hannah Swaynie, Elizabeth Swaynie and Louisa Swaynie, who are her children, and said Thomas, her husband, and the defendants Charles E. and Mary N. Swaynie, grandchildren, who are the children of Isaiah, a deceased son of said Nancy ; that said Elizabeth S., Louisa, Charles E., and Mary N. Swaynie are minors; that said

mortgage was foreclosed, and the land sold upon the decree to said Catharine Odell, September 24th, 1870, for one thousand six hundred and ninety dollars, and the certificate of sale assigned to John D. Gougar; that on or before September 23d, 1871, the plaintiffs on the one part and on their own account, who were then intending to redeem said land from said sale, and the defendant Consider Tinkler on the other part, made an oral contract, whereby it was agreed by and between them, that the plaintiffs would not redeem, but instead of redeeming—as until that time they had intended to do—said Tinkler should purchase said certificate of sale from said Gougar, in trust for these plaintiffs, and, upon the expiration of the year for redemption, obtain a deed in his own name, but should hold the lands for the use and benefit of the plaintiffs, upon the terms and conditions following, to wit:

1. Said Tinkler was to furnish all the money and credit required to secure and hold said lands, and was empowered to mortgage the same to raise money to be used in the transaction;

2. The plaintiffs were to have the right, at any time within five years, to sell said lands whenever they could, for a price sufficient to reimburse said Tinkler, and which was satisfactory to themselves, or to redeem from said Tinkler, who in that event should deed the land to them;

3. That, in the event of sale on redemption, said Tinkler was first to be reimbursed for all money advanced by him, with ten per cent. interest thereon, and to receive in addition, for his trouble, two and a half per cent. per annum on all money advanced or borrowed by him, and the remainder if any should at once be paid by said Tinkler to the plaintiffs;

4. That, until such sale or redemption, the plaintiffs were to live on said land as the tenants of said Tinkler,

and, as the rent therefor or in lieu of rent, should pay the interest which might accrue upon the mortgage which he might make on said lands; and, as to all money so borrowed by him and upon which the plaintiffs so paid the interest, said Tinkler was not to receive any interest other than the two and a half per cent profit aforenamed.

That, after and in consequence of the contract so made, the plaintiffs did not redeem said real estate from sale as otherwise they would have done, but in lieu thereof relied on said contract; and said Tinkler, acting in pursuance of the contract, purchased the said certificate, and took a deed in his own name for said lands, and placed a mortgage thereon for money borrowed to be used in the business, for one thousand eight hundred and fifty-nine dollars and seventy-eight cents, at ten per cent interest, and soon after the execution of said deed, and in pursuance of said contract, the plaintiffs, with the consent of said Tinkler, entered into the possession of said lands as the tenants of said Tinkler, and so continued until July 26th, 1873, when, with Tinkler's consent, they sold the land for $4,000, to be paid by the purchaser assuming and paying said mortgage which Tinkler had put on the land, and, in addition thereto, paying $2,000 in money and the taxes then due on the land; that, in pursuance of their contract of sale, and at the request of the plaintiffs, said Tinkler made a deed of said lands to the purchaser, subject to said mortgage, which the purchaser assumed to pay; that the plaintiffs performed all the stipulations on their part, embraced in their said contract with said Tinkler; that the purchaser of the land, on December 7th, 1876, fully paid the mortgage which he assumed to pay, and the same was duly satisfied of record; that, shortly after conveying said land, said Tinkler received of the purchaser $2,014.04, as and for the cash consideration agreed to be paid and forthwith applied the whole of the same to his own use, and has

ever since held and enjoyed the same; that after reimbursing the said Tinkler for all paid out by him, and paying him all that was going to him under said agreement, $2,000, of said sum received by him of right belongs to the plaintiffs, and, soon after his receipt thereof, the plaintiffs demanded and frequently since have demanded a settlement and accounting of said defendant, which said defendant has wholly failed and neglected to comply with; that no one of the heirs of said Nancy Swaynie other than these plaintiffs ever took any steps to redeem said lands, or ever manifested any desire to do so, but severally and respectively declined to join with these plaintiffs in redeeming or attempting to save the same from said sale, and no one of said heirs except the plaintiffs has ever expended any money or labor to save said land, and these plaintiffs made the contract aforesaid with said Tinkler on their own account and benefit exclusively and expended their own time, money, labor and credit to save said lands. Wherefore, etc.

To this complaint the appellant Tinkler filed a demurrer for two causes namely:

1. Because of insufficiency of the facts averred;

2. Defect of parties plaintiffs, because Thomas Swaynie, John R. Swaynie, Jacob S. Swaynie, Catharine Sullers, Mary Swaynie, Hannah Swaynie, Elizabeth Swaynie and Louisa Swaynie who are made defendants, should have been plaintiffs in this suit, under the facts stated.

The overruling of this demurrer presents the principal question in the case.

It is objected to this complaint that the contract between the appellant Tinkler and the appellees, as the same is set forth in the complaint, can not be enforced because not in writing, and that consequently the appellant, when he received the deed of the sheriff therefor, became the absolute owner of the land, free from the alleged trust, and

entitled to keep the proceeds of the re-sale for his own use, without liability to account therefor to the appellees.

It has often·been held that the statute of frauds shall not be made an instrument of fraud, and in similar cases the same rule must be applied to the statue of trusts and powers which is here involved. Indeed, there is ·authority on which we might be justified in holding that the contract set up in this complaint needed not to be put in writing at all. In *Griffin* v. *Coffey*, 9 B. Mon. 452, the facts were in all essential respects the same as in this case, and the court held that the contract was in effect an agreement for an extension of the time of redemption, and that "The right to redeem being a right created by law, the time for its exercise may be prolonged by the verbal agreement of the parties." This case was followed in *Martin* v. *Martin*, 16 B. Mon. 8.

But, while we do not question the authority or soundness of the doctrine enunciated in these cases, we do not deem it necessary to follow them, in order to reach what we think to be a proper conclusion in the case in hand.

Conceding, for the argument, that the contract sued on ought to have been in writing, and that, being only verbal, specific performance. thereof could not be enforced, it does not follow that the relief prayed for can not be granted. Neither by the statute of frauds, nor by the statutes concerning trusts and powers, is the contract declared void because not in writing; and there are many adjudicated cases wherein partial voluntary performance of verbal contracts originally within the statutes has been considered to take them out of the operation thereof. The consideration for land conveyed, unless itself within the operation of the statute, may always be enforced or recovered, though the contract for the conveyance was verbal.

The object of these statutes was to give stability, certainty and quiet to titles and ownership in real estate, and, so long as these are in question, the courts must refuse to enforce contracts fairly within the inhibition of the statutes, but when the parties to such contracts are shown, as in this case, to have voluntarily and fully executed their agreements so far as they affected real estate, or any interest or trust therein, there is no reason why the statutes should be interposed against the further enforcement of the contracts according to their terms. The case of *Trowbridge* v. *Wetherbee*, 11 Allen, 361, is fully in point. In that case it is said : " If some of the stipulations in a contract are within the statute and others are not, and and those which are within it have been performed, an action lies upon the other stipulations, if they are separate. The effect of the statute is not to make a contract void, but to prevent the bringing of an action for the nonperformance of a promise which is within it, or for the specific performance of such a promise. But a party who actually performs a promise which is within the statute has thereby waived the benefit of the statute."

See, also, *Page* v. *Monks*, 5 Gray, 492 ; *Bunnel* v. *Taintor*, 4 Conn. 568 ; *Hess* v. *Fox*, 10 Wend. 436 ; *Reyman* v. *Mosher*, *post*, p. 596.

Though the stipulations of a contract as made were not separate, but so far dependent that those not within the inhibition of the statutes could not be enforced without giving effect to those within the operation of the statutes, a performance of the agreement so far as it concerned real estate will operate to separate the stipulations so that a suit may be maintained to enforce the unperformed parts of the contract, which are not forbidden by the statutes. See cases cited *supra*.

The further objection is made that some of the parties named as defendants should have been co-plaintiffs with

the appellees, and that the complaint contains no averment of their refusal to join in bringing the suit.    There is no such averment in the complaint, and, if the parties referred to should have joined as plaintiffs, or been requested so to do, the demurrer on this ground should have been sustained.    On this point it is insisted that the appellees were tenants in common with the other heirs of Nancy Swaynie, and that any redemption of the land made by them would have enured to the benefit of all the tenants in common, with the right on their part to be repaid their outlay in making the redemption, and it is argued that the transaction shown in the complaint was in essence a redemption, and all the heirs entitled to share in the proceeds of the sale sued for.

We do not find it necessary to decide whether the other heirs of Nancy Swaynie are entitled to share with the appellees the benefits of their contract with Tinkler.    They were not parties to that contract, and the contract as declared on was not intended by the parties thereto to enure to their advantage, and, if it does so operate, it is simply by force of law as applicable to the relations in which they stood ; and, be this as it may, the appellees, having made the contract in terms for their own use, had a right to sue in their own names for its enforcement, and, while it was proper, it was perhaps unnecessary, that they should have made their co-heirs parties defendants.    In an action at law strictly, privity of contract is essential to the right of action upon any contract, and a promise of one to another for the benefit of a third could not be enforced by the latter ; but, while the rule in equity is different, and the third party for whose benefit a contract is made or enures may bring an action to enforce his rights thereunder, it is still true that the original party to the contract may sue upon it, and this he may do, as a rule, without joining as plaintiff, the third party for whose use or benefit the contract

was made.  See *Miller* v. *Billingsly*, 41 Ind. 489 ; *Devol* v. *McIntosh*, 23 Ind. 529 ; Pomeroy Remedies, etc., sec. 140.

The parties were all before the court in such a way as that the rights of all could have been protected.  The judgment of the court is ample protection to the appellant Tinkler against any further action on the contract by the appellees or by any other person or persons.  He alone made objection below to the parties to the action and to the relief granted, and he alone appeals to this court.  His co-defendants, to be sure, have not refused, on notice given them, to join in the appeal, and are therefore to be considered as parties thereto, yet, since they took no exception to the proceedings or judgment of the court below, he can not well be heard to make objections on their behalf in matters which do not affect his own interests.

Question is made upon the action of the court in giving and refusing instructions to the jury, but, if any errors were committed in these particulars, they were not such as could have harmed the appellant Tinkler, who alone complains of them.  So far as any important law questions are involved in the instructions, they are disposed of by the considerations already advanced concerning the complaint.

Judgment affirmed, with costs.