Cox *et al. v.* Arnsmann *et al.*

No. 8512.

COX ET AL. *v.* ARNSMANN ET AL.

TRUST AND TRUSTEE.—*Conveyance.*—*Husband and Wife.*—*Trust Property can not be Sold on Judgment Against Trustee.*—*Injunction.*—Where a husband and wife convey land to a person without other consideration than his promise to immediately reconvey it to the wife, such person will hold the land in trust for the wife, and his prior judgment creditors can not, after he has reconveyed the land to the wife in pursuance of his promise, sell it as his property under executions issued on their judgments; and injunction will lie to prevent such a sale.

SAME.—*Equity.*—*Constructive Trust.*—*Parol Evidence.*—In such case, equity creates a constructive trust not within the statute of frauds, which may be established by parol evidence.

From the Dubois Circuit Court.

*W. A. Traylor, E. A. Ely, W. S. Hunter* and *C. H. Burton,* for appellants.

*J. F. Dillon, C. H. Dillon, M. Fisher* and *W. W. Spencer,* for appellees.

BICKNELL, C. C.—Adam Arnsmann and Sophia, his wife, conveyed land by warranty deed to their son John Arnsmann. The consideration stated in the deed was $500. John Arnsmann and his wife within an hour afterwards reconveyed the land to Sophia Arnsmann, by warranty deed. The consideration stated in this deed was $500.

Certain judgment creditors of John Arnsmann had executions issued on their judgments and levied on said land, and the sheriff was about to sell the land upon said executions as the property of John Arnsmann. These judgments had been obtained before the making of said deeds; the executions were issued after the making of the deeds.

Adam Arnsmann, in order to provide for his wife, made said conveyance to John, upon the express trust that he should reconvey the land to said Sophia; the consideration expressed in the deeds was merely nominal. The only consideration of the deed of Adam and Sophia was John's promise to hold the land in trust and reconvey it to Sophia.

She is in possession of the land. John never had possession of it, and never had any interest in it, except as such trustee.

Adam Arnsmann and wife brought this suit against the sheriff, and the judgment creditors, stating in their complaint the facts aforesaid, and that the sale of the land would produce irreparable injury to said Sophia, not to be compensated in damages, and praying that the sale might be perpetually enjoined and Sophia's title quieted, and for all other proper relief. John Arnsmann was made a defendant and was defaulted. The other defendants demurred to the complaint for want of facts sufficient to constitute a cause of action. Exceptions were taken to the overruling of the demurrers. Answers were filed in denial. The cause was tried by the court without a jury, and a special finding was made, and the conclusions of law were stated separately. The finding and the conclusions of law were in favor of the plaintiffs. The defendants, except John Arnsmann, excepted to the conclusions of law and moved for a new trial. The motion for a new trial was overruled, and exception was taken thereto. Judgment was rendered upon the finding in accordance with the prayer of the complaint, and the defendants appealed.

The only assignments of error which are discussed in the brief of the appellants are the second, fifth and sixth. The sixth alleges error in the judgment, as embracing land not described in the complaint, but that was not made the subject of any special objection, or motion to modify. It was one of the reasons alleged for the motion for a new trial, and even if it were true in point of fact, which it is not, it would present no question for the decision of this court. *Merritt* v. *Pearson, ante,* p. 44. Under the remaining assignments, the appellants claim that the complaint does not state sufficient facts to constitute a cause of action ; that the finding was wrong, and that parol evidence was not admissible

to prove an express trust.    There are only two questions in the case, to wit:

1st.  If A. and his wife convey land to B. without other consideration than the promise of B. that he will immediately reconvey the land to A.'s wife, can the prior judgment creditors of B., after he has reconveyed the land to A.'s wife, sell the land as B.'s property under executions issued on their judgments?

2d.  Can such promise of B. be proved by parol?

As to the first of these questions:  Leasehold estates, although bound by a judgment, Practice Act, sec. 526, are personal property.  *Meni* v. *Rathbone*, 21 Ind. 454.  A similar question has already been decided as to them.   In *Hollingsworth* v. *Trueblood*, 59 Ind. 542, it was held that where A. takes a lease agreeing to hold it as trustee for B., it can not be sold on an execution against A.   Such a lease is not within the statute.    1 R. S. 1876, p. 915, sec. 1, which declares that "No trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney, thereto lawfully authorized in writing."

Trusts arising by implication of law are sometimes called resulting trusts, and they arise in three classes of cases only. See *Lloyd* v. *Spillet*, 2 Atk. 148, 150.  And the law never implies a trust where there is an express one.    2 Washb. Real Prop. 470.   The trust in the present case, being an express trust in relation to land, can not be proved by parol without violating the statute, unless there is some equitable rule of construction which takes such a case out of the statute.  There are in equity certain trusts called constructive trusts, which do not arise by implication of law.    They are not resulting trusts, but are said to be in the nature of resulting trusts. Perry Trusts, secs. 240, 241.    Thus, equity will raise a constructive trust to prevent a fraud.  2 Washb. Real Prop. 476. And wherever property is acquired by fraud, or where, though

originally acquired without fraud, it is against equity that it should be retained by the party, there equity raises a constructive trust, which is held not to be within the statute, 2 Washb. Real Prop. 482, and which may be proved by parol. Thus, in the case of *Hayden* v. *Denslow*, 27 Conn. 335, there was an agreement between father and son, by which the son was to convey land to the father, and the latter was to hold it in trust for the son's wife, it was held that, where a deed is given and received for such a purpose, a constructive trust arises, which will be enforced in equity, and that the facts out of which such trust arises may be proved by parol. So, in the case of *Hoge* v. *Hoge*, 1 Watts, 163, it was held that, if a testator be induced to make a devise, by the promise of the devisee that it should be applied for the benefit of another, equity, upon these facts, would create a constructive trust, which might be established by parol.

These cases do not differ in principle from the case at bar. It was always held that the statute of frauds would not be permitted to accomplish a fraud. Our statute of trusts above referred to, 1 R. S. 1876, p. 915, is, in its first section, substantially a re-enactment of the seventh section of the statute of frauds. 29 Charles 2, ch. 23. It therefore will not be permitted to accomplish a fraud. If, by virtue of this section, John Arnsmann were permitted to hold the property as his own, his father and mother would lose their property by fraud. To prevent that result, equity raises a constructive trust in John Arnsmann, for the benefit of his mother, pursuant to the agreement by which he obtained the deed for the property, and permits that trust to be proved by parol. In *Tinkler* v. *Swaynie*, 71 Ind. 562, it was said by Woods, J.: "It has often been held that the statute of frauds shall not be made an instrument of fraud, and in similar cases the same rule must be applied to the statute of trusts and powers." And, again, "there are many adjudicated cases where impartial voluntary performance of ver-

bal contracts originally within the statutes has been considered to take them out of the operation thereof.''

These cases show, that, while John Arnsmann held the title to the property in controversy, he held it in trust for Sophia Arnsmann. Property so held in trust can not be sold on execution for the debts of the trustee, although it may be so sold for the debts of the *cestui que trust*. Prac. Act,. sec. 526; *Bates* v. *Spooner*, 45 Ind. 489, 492; *Shryock* v. *Waggoner*, 28 Pa. St. 430.

The conveyance by John Arnsmann to Sophia Arnsmann gave her a valid title as against his creditors. The complaint was sufficient, the finding of the court below was right, and the parol evidence was properly admitted. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellants.