Meredith *v.* Meredith.

---

### MEREDITH *v.* MEREDITH.

[No. 18,437.    Filed April 20, 1898.]

CONSTRUCTIVE TRUST.—*Advancement to Wife by Conveyance to Husband.*—A conveyance to a husband by his wife's father, as an advancement to her, the transaction being free from fraud, does not create a constructive trust.

From the Jay Circuit Court.    *Affirmed.*

*Joseph H. Sell, J. J. M. LaFollette* and *O. H. Adair,* for appellant.

Meredith *v.* Meredith.

*W. H. Williamson* and *Frank B. Jaqua*, for appellee.

HOWARD, C. J.—This is an action by appellant to quiet her title to certain described real estate. In the complaint it is alleged, amongst other things, that in the year 1848 appellant's father, who was then. the owner of the land in controversy, desired to, and did, give said land to her, in consideration of the fact that she was his daughter, and did charge her with said land as an advancement out of his estate; that, however, when he made the deed of conveyance for the same, to wit, August 8, 1848, he conveyed the same to Peter S. Meredith, her husband, who took the said title and held it for and in trust for her, and that each of said parties, to wit, herself, her husband, and her father, treated said land as having been given to her; that she and her husband lived on said land until his death; that her said husband made a will, which was duly probated after his death, by which he attempted to dispose of said land, and to give some interest therein to appellee, which devise was made without appellant's knowledge or consent, and creates a cloud upon her title to said land, and upon which appellee is setting up his title thereto; that said land was held by appellant's husband for her, and that he paid nothing therefor; that appellant took said land as an advancement out of her father's estate, and receipted for the same, and was charged therewith by her father. To this complaint the court sustained a demurrer for want of sufficient facts, and, appellant refusing to plead further, judgment was rendered against her.

The facts stated in the complaint, omitting the conclusions of the pleader, show simply that appellant's father made an advancement to her out of his estate by deeding the land in controversy to her husband. No express trust in the husband is shown, and it is

not contended that there was any implied trust, but counsel suggest, rather than argue, that there is a constructive trust shown.   The very cases, however, cited by counsel show that there was no constructive trust.   *Mescall* v. *Tully*, 91 Ind. 96; *Wright* v. *Moody*, 116 Ind. 175.   In counsel's brief, the following is cited from Judge Mitchell's opinion in the latter case: "The element essential to a constructive trust is, that fraud, either actual or constructive, must have intervened.   Such trusts are raised by courts of chancery only in cases where it becomes neces- sary to prevent a failure of justice, and in most cases where there is no intention or agreement of the parties to create such a relation.   *Cox* v. *Arnsmann*, 76 Ind. 210; *Tinkler* v. *Swaynie*, 71 Ind. 562; 1 Perry Trusts, section 166; 2 Pom. Eq. Jur., section 1044."

Nothing from which fraud can be implied is alleged in the complaint.   On the contrary, it is shown that appellant knew that the deed was made to her hus- band.   A father, moreover, may make an advance- ment to his daughter by deeding land to her husband; and this even without her knowledge or consent. There is no fraud, *per se*, in such a transaction; and if fraud actually exists in connection therewith, the same must be alleged and proved.   *Baker* v. *Leathers*, 3 Ind. 558; *Hileman* v. *Hileman*, 85 Ind. 1; *Noe* v. *Roll*, 134 Ind. 115; *Lewis* v. *Stanley*, 148 Ind. 351.   Judgment affirmed.

Monks, J., took no part in the decision of this case.