## KOEHLER v. HALLER ET AL.

[No. 9,036. Filed May 11, 1916.]

1. TRUSTS.—*Constructive Trust.*—*Fiduciary Relation.*—The mere fact that a grantee had been the grantor's counsel prior to the date of the conveyance would not of itself establish a fiduciary re-

lationship, nor lay a sufficient foundation for a court of equity to decree the existence of a constructive trust in favor of grantor. p. 12.

2. TRUSTS.—*Constructive Trust.—Fiduciary Relation.*—Generally, where a person has rights and duties, which he is bound to exercise for another, a fiduciary relation may be said to exist, but to warrant the declaration of a constructive trust, it is essential to such relation that there exist a confidence by one of the parties in the other, and conditions giving to one an advantage over the other.    p. 12.

3. MORTGAGES.—*Absolute Deed.—Oral Agreement.*—In a suit to have certain conveyances absolute on their face declared mortgages, where it appeared that they were made when grantor was financially embarrassed in order to have the property applied to the payment of his debts, and the testimony of grantee showed that the conveyances were intended to be absolute, while that of grantor was to the effect that any portion remaining after the payment of the debts was to be reconveyed, and it further appeared that the indebtedness discharged was a fair consideration for the property at the time of the conveyance; that grantor's knowledge of the value was equal to that of the grantee; and that grantor delayed for many years to assert his claims, the judgment of the trial court against the grantor was warranted.    pp. 12, 14.

4. APPEAL.—*Review.—Questions of Fact.—Conflicting Evidence.*—It is not the province of the court to weigh conflicting evidence. p. 14.

From Allen Circuit Court; *Carl Yaple*, Judge.

Action by John A. Koehler against Gottlieb Haller and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John H. Aiken* and *Phil B. Colerick*, for appellant.
*Owen N. Heaton, Guy Colerick* and *Henry G. Hogan*, for appellees.

MORAN J.—In the latter part of the year of 1899, appellant conveyed to appellee, James E. K. France, certain real estate in the city of Fort Wayne, Indiana, by two separate deeds, which, in the court below, he unsuccessfully sought to have declared mortgages, asking also therein for an accounting. The question for review arises upon the action of the court in overruling appellant's motion for a new trial, under which it is claimed that the deci-

sion of the court is not sustained by sufficient evidence and is contrary to law.

A brief statement of the complaint will be helpful to an intelligent understanding of the questions presented, which follows: On September 5, 1899, appellant was indebted to numerous persons in the city of Fort Wayne, among whom were appellees; and in order to secure the indebtedness and provide a fund for the payment thereof, it was agreed between appellant and appellees that appellant would convey his real estate, consisting of several parcels in different additions in the city of Fort Wayne, a major portion of which was platted into lots, to appellees with power to sell a sufficient amount to satisfy appellant's indebtedness, with the further agreement that they would account to appellant for the balance of the proceeds not required in the payment of the same, and if any of the real estate remained unsold after the debts had been paid it was to be reconveyed to appellant; that appellees received for real estate sold the sum of $10,000, which was sufficient to and did discharge all of appellant's indebtedness; that certain described parcels of real estate remained unsold, and a reconveyance and an accounting were demanded by appellant, but that such reconveyance and accounting were refused; that the deed so far as it covered the unsold real estate was asked to be declared a mortgage, and that appellees were asked to render an accounting to appellant as to the proceeds that came into their hands, and that a commissioner be appointed to make a conveyance of the unsold real estate on failure of appellees to do so. The issues were closed by an answer of general denial, and from the evidence admitted in support of the issues thus joined, the facts uncontroverted may be summed up as

follows: Appellant at the date of the conveyance of the real estate in question and prior thereto was in failing circumstances financially, being indebted in a large sum of money to creditors residing in Fort Wayne; that he owned considerable real estate, much of which was incumbered by mortgage; two deeds of conveyance were executed by appellant on September 5, and December 15, 1899, respectively, covering different parcels of appellant's real estate; that the conveyances were taken in the name of appellee France, who had been appellant's counsel for some time prior thereto; appellees were sureties on certain obligations due and owing by appellant.

The relation of attorney and client existing between appellant and appellee France prior to the time of the conveyance in question is a situation that forms the basis of an argument by appellant that the burden was upon appellee France under the law to show that he acted throughout the entire transaction in the utmost good faith; that he derived no advantage by reason of the superior position he occupied; that the relation being fiduciary, a court of equity will, if necessary, in order to work out justice as between the parties, decree the existence of a constructive trust. And aside from the contention that the relationship between appellant and appellee France was fiduciary, appellant presses the further contention that the relation that existed between appellant and appellee was that of surety and principal, and while the deeds of conveyance were absolute on their face, they were no more than mortgages indemnifying appellees.

From an abstract point of view we need not stop to determine the soundness of the equitable propositions thus announced by appellant; it is

sufficient to say that before they can be invoked in the case at bar, it must appear that the facts warranted their application. The mere fact that appellee France had been appellant's counsel prior to the date of the conveyance in question would not of itself have established a fiduciary relationship at the time of the conveyance, nor lay a sufficient foundation for a court of equity to decree the existence of a constructive trust in favor of appellant. No invariable rule can be laid down by which to determine the existence of a fiduciary relationship; however, where a person has rights and duties, which he is bound to exercise for the benefit of another, it can be said generally that a fiduciary relation exists, but in this connection there must also exist confidence of the one in the other, together with conditions giving to the one an advantage over the other, and this might be by reason of the superior intelligence of the one over the other, or a superior knowledge of the facts involved in a business transaction. 38 Cyc 185; *Yuster* v. *Keefe* (1910), 46 Ind. App. 460, 90 N. E. 920. This leads to the inquiry as to what were the real facts and circumstances surrounding the transaction, which gave rise to the conveyance of the real estate and the consideration therefor as between appellant and appellees. It is disclosed by the testimony of appellee France that prior to the first conveyance, which included what is known as the Hood outlots and property in two other additions, that appellant informed him that he was pressed by certain of his creditors, and that he was unable to meet the obligations then due, which included a mortgage incumbrance on a part of the real estate mentioned, and the notes upon which appellees were sureties for appellant; that the

indebtedness for which appellant was being pressed, consisting of several different obligations, was gone over and totalled by appellant and himself; and that he was asked by appellant to take the real estate and pay the indebtedness then due, appellant stating that he wanted to be relieved from further embarrassment; thereupon appellee Haller was consulted, but would not join with the witness in agreeing to discharge the indebtedness for the real estate; likewise a creditor by the name of Zoeller was called upon and requested to take the real estate in consideration of discharging the indebtedness, but he would have nothing to do with the same; the witness feeling that this was the only way that he could save himself and his coappellee, if at all, took the conveyance and thereafter discharged the indebtedness as he agreed to do. Some time prior to the date of the second conveyance, appellant again called on the witness and informed him that he was again hard pressed by his creditors, and without any funds to discharge his indebtedness, and the firm of Grasser & Brandt, another of appellant's creditors joined with appellant in discharging the balance of appellant's indebtedness in consideration of a conveyance of the real estate described in the deed of December 15, 1899; that at no time did the witness agree to reconvey the real estate to appellant after discharging the indebtedness; that the same was conveyed in consideration of a discharge of appellant's indebtedness. As to being pressed by his creditors and unable to meet his obligations, there is no discrepancy between appellant's version of the transaction and that of appellee France. They differ only as to whether there was an agreement to reconvey any part of the real estate. Appellant testified that there was to be a reconveyance of that part of the real estate, if any, not re-

quired to discharge the indebtedness; while on the part of appellee France, the conveyance was an absolute one, with no agreement to reconvey. The record in this particular shows a sharp dis-

4. pute, therefore we need proceed no further with this branch of the case, as it is not within the province of this court to decide the conflict. *Barnes* v. *Stock* (1912), 51 Ind. App. 640, 100 N. E. 98.

That the burden was on appellees to establish that appellee France acted in good faith and took no advantage of the situation, as contended for

3. by appellant, could have no application until it had been established that a fiduciary relation existed between appellant and appellee France; and further, the finding being general, and there being no objections to the order of the admission of the evidence, even if appellant's position be correct that the burden was upon the appellees to establish the good faith of the trasnaction, we can not say that the trial court in reaching its conclusion did not place such burden upon appellees. From an examination of the record we are satisfied that the evidence was sufficient to have placed the burden upon appellees without changing the result of the trial court's decision. From the evidence, the amount of the indebtedness discharged by appellee France seems to have been a fair consideration of the real estate at the time it was conveyed; the knowledge appellant had of its value and of the entire transaction was equal to that of appellee France, and the agreement from the facts in the record impresses us as having been openly entered into and in good faith, and this view is strengthened by reason of the long delay of appellant in asserting what he now regards as his rights.

A correct result was reached by the trial court. Judgment affirmed.

Note.—Reported in 112 N. E. 527. Equitable mortgages, what constitutes, 4 Am. St. 696. Deeds absolute in form with agreements to reconvey, 17 Am. Dec. 300. Right of an attorney to purchase or lease in his own behalf property which he was under no duty to purchase or lease for his client, 47 L. R. A. (N. S.) 567. Grantee's oral promise to grantor to hold in trust as giving rise to constructive trust, 39 L. R. A. (N. S.) 906. Whether a deed absolute on its face, but intended as a mortgage, conveys legal title, 11 L. R. A. (N. S.) 209. Price as consideration in determining whether a deed was intended as a mortgage, 20 Ann. Cas. 1199.