WILLIAM D. HALL ET AL. *v.* INDIANA DEPARTMENT OF
STATE REVENUE, UNITED STATES OF AMERICA AND
WANDA V. NUGEN.

[No. 1-975A166. Filed July 22, 1976. Rehearing denied August 31, 1976.
Transfer denied December 8, 1976.]

*Charles W. Linder, Jr., James W. Riley,* of Indianapolis, *R. Scott Hayes,* of New Castle, for appellant Hall; *William D. Hall,* of Indianapolis, for appellants Wright and Cross.

*Kirkwood Yockey, Yockey & Yockey,* of counsel, of Indianapolis, *John D. Wilson, Yergin & Yergin,* of counsel, of New Castle, for appellee Nugen; *Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

LYBROOK, J.—Plaintiff-appellant William D. Hall appeals from a judgment in favor of intervening defendant-appellee Wanda V. Nugen. Appellant presents the following issues for review:

(1) Whether the trial court erred in determining that the deed executed by Nugen created a trust for her; thereby obligating Hall to account for all transactions entered into by him concerning the real estate.

(2) Whether Nugen was barred from recovery by the equitable defenses of laches and estoppel.

(3) Whether the court's judgment should be altered to correct a harmless error.

The evidence most favorable to the appellee reveals that this action revolves around a parcel of real estate deeded by Nugen to Hall, her attorney at the time of the execution of the deed. Nugen acquired title to the property by warranty deed from her husband as the property settlement of a divorce proceeding. Hall represented her interest in the divorce. The property, eighty acres of farm land, was heavily encumbered with mortgages and tax liens at the time Nugen acquired title. In addition to these encumbrances, Nugen had other debts to pay. She apparently believed that the amount of her debts and the encumbrances approximately equaled the market value of the property. In an effort to remain solvent and pay off her debts Nugen agreed to deed the property to Hall rather than lose it in an impending foreclosure. In exchange for the deed Hall agreed to assume Nugen's debts which consisted of Hall's attorney fees and the above encumbrances.

After acquiring the deed, Hall paid off the first mortgage and then sold the property to bona fide purchasers. Hall initiated the present action to determine the validity and status of the tax liens on the property. Nugen intervened into the lawsuit claiming an interest in the property and asking for an accounting of the profits from the sales. From a judgment declaring that Nugen's deed to Hall created a trust for Nugen, Hall appeals.

## I.

The first issue to be considered is whether the trial court erred in determining that the deed executed by Nugen created a trust for her benefit, thereby obligating Hall to account for all transactions entered into by him concerning the real estate. We determine that the trial court did not err in creating a constructive trust in favor of Nugen. A constructive trust differs from an express trust in that it does not grow out of an express or implied declaration of trust. Rather, it is created by the courts when necessary to attain equity and justice, regardless of the intention of the parties. *Terry* v. *Davenport* (1916), 185 Ind. 561, 112 N.E. 998. It was stated in *Brown* v. *Brown* (1956), 235 Ind. 563, 135 N.E.2d 614, that the definition of a constructive trust that most nearly conforms to the decisions of Indiana courts is as follows:

> " 'A constructive trust, or as frequently called an involuntary trust, is a fiction of equity, devised to the end that the equitable remedies available against a conventional fiduciary may be available under the same name and processes against one who through fraud or mistake or by any means ex maleficio acquires property of another.' 3 Bogert Trusts Pt. 1, ch. 24, § 471, p. 6."

Fraud constitutes an essential ingredient in a constructive trust. *Thomas* v. *Briggs* (1934), 98 Ind. App. 352, 189 N.E. 389; *Alexander* v. *Spaulding* (1903), 160 Ind. 176, 66 N.E. 694. The fraud necessary, however, may be either actual or constructive. *Vance* v. *Grow* (1934),

206 Ind. 614, 190 N.E. 747; *Meredith* v. *Meredith* (1898), 150 Ind. 299, 50 N.E. 29.

> "Constructive fraud is fraud which arises by operation of law, 'from acts or (a) course of conduct which, if sanctioned by law, would, either in the particular case, or in common experience, secure an unconscionable advantage, irrespective of the existence or evidence of actual intent to defraud.'" (Cases cited omitted.)

Constructive fraud may arise from a breach of duty by the dominant party in a confidential or fiduciary relationship. *Teegarden et ux.* v. *Lewis, Administrator* (1895), 145 Ind. 98, 44 N.E. 9.

> "... Any breach of a duty arising from a confidential or fiduciary relationship whereby the party at fault, *without any actual fraudulent intent* gains an advantage at the expense of anyone to whom he owes such duty, amounts to a constructive fraud." (Emphasis added.) *Gorham* v. *Gorham* (1913), 54 Ind. App. 408, 103 N.E. 16.

First, Hall appears to be arguing that there was insufficient evidence for the court to determine that a fiduciary relationship existed and that Hall breached the duty inherent in this relationship. He maintains: (1) That he did not perpetrate actual fraud or duress on Nugen prior to or at the time she executed the warranty deed to him. (2) That the conveyance from Nugen to Hall is valid because an attorney is not precluded from entering into business transactions with a client if there is a full disclosure of all pertinent information and understanding of the transaction by the client.

The existence or non-existence of a fiduciary relationship involves questions of fact peculiar to the facts and circumstances of each case. *Koehler* v. *Haller* (1915), 62 Ind. App. 8, 112 N.E. 527. In the case at bar the court determined from the evidence that a fiduciary relationship existed between Hall and Nugen. Hall compares the facts of this case with facts of other cases in which no fiduciary relationship was found. He infers that the cases are fundamentally indistin-

guishable as to the facts, and therefore, no fiduciary relationship should be found in the present case.

We look only to the evidence most favorable to the appellee, together with all reasonable inferences to be drawn therefrom. When confronted with a question as to the sufficiency of the evidence to support the trial court's findings and judgment, this court, as a reviewing tribunal, neither weighs conflicting evidence, nor resolves questions of credibility of witnesses, but rather we determine if the trial court's decision is supported by substantial evidence of probative value. *First Equity Security Life Insurance Co.* v. *Keith* (1975), 164 Ind. App. 412, 329 N.E.2d 45. We determine from the record in this case that although the evidence is conflicting, there is ample evidence to support the trial court's findings.

As a general rule the party seeking to establish a constructive trust has the burden of proof. *McQuaide, Admx.* v. *McQuaide* (1930), 92 Ind. App. 370, 168 N.E. 500.

"If, however, the existence of an antecedent, confidential, or fiduciary relationship is shown, and the one occupying the superior position deals with the other in such a way as to sustain an advantage, *the law will presume that improper influence was exerted and that the transaction is fraudulent,* and where a prima facie case of constructive fraud is so made out from the fiduciary relationship of the parties and other circumstances connected with the transaction the burden of affirmatively proving good faith, or the absence of undue influence, or proving the justice, equity, and fairness of the transaction assailed, is on the party denying the existence of a trust." (Emphasis added.) 28 I.L.E. Trusts § 78; See also, *Potter* v. *Daily* (1942), 220 Ind. 43, 40 N.E.2d 339; *Huffman* v. *Huffman* (1905), 35 Ind. App. 643, 73 N.E. 1096.

Hall clearly had the burden of proving good faith. "It is the province of the trial court to draw the proper inference from the facts proved and thus to find ultimate or inferential fact, and the failure to find the ultimate fact must be deemed

a finding against the party having the burden of proof." *Westphal* v. *Heckman* (1916), 185 Ind. 88, 113 N.E. 299. The trial court apparently determined that Hall did not affirmatively prove good faith or the absence of undue influence. In other words, Nugen's acts were in response to her trust in Hall. *Huffman* v. *Huffman, supra,* concisely states our previous discussion on constructive trusts. It holds:

> "For the purpose of working out justice, constructive trusts are raised by equity, when in fact there was no intention by the party charged as trustee to create such relation, *and usually, indeed, when his intention was otherwise.* The gist of every constructive trust is fraud, which may be founded upon misrepresentation and concealment, *or arise from the use by one party of some influential or confidential relation which he sustained toward the owner of a legal title, thereby obtaining such title himself upon more advantageous terms than he could otherwise have done.* And therefore one who obtains the legal title to property by arts or acts, or through circumvention or imposition, *or by virtue of a confidential relation and influence arising from it,* under such circumstances that he ought not, in good conscience to hold and enjoy the beneficial interest therein, is converted into a trustee, and ordered so to execute the trust as to protect or indemnify the party defrauded, and at the same time promote fair dealing and common honesty in the interest of society and the state. 1 Perry, Trusts (5th ed.), § 166; 1 Pomeroy, Eq. Jurisp. (3d ed.), § 155; 3 Pomeroy, Eq. Jurisp.. (3d ed.), § 1044; *Hughes* v. *Willson* (1891), 128 Ind. 491; *Jackson* v. *Landers* (1893), 134 Ind. 529; *Cox* v. *Arnsmann* (1881), 76 Ind. 210; *Wright* v. *Moody* (1888), 116 Ind. 175, 179." (Emphasis added.)

We do not intend to imply that attorneys are precluded from entering into business transactions with their clients. We are holding that when an attorney does deal with his clients he must act in good faith and be certain that the client's acts are performed on the basis of free will and full knowledge and not on the basis of the attorney's influence created by the trust that the client has in the attorney as a result of a fiduciary relationship. In this opinion we are not implying that Hall acted in bad faith, but

this element need not be present for equity to create a constructive trust out of a deed absolute upon its face.

## II.

The second issue for our consideration is whether certain defenses, estoppel and laches, apply in this case. Hall maintains that Nugen should have been estopped from asserting any claim to the land. He argues that Steve Coons, initially one of Nugen's attorneys in this action, stated to him that if the land was encumbered as Hall represented that it was, Nugen would abandon her claim. Our search of the record reveals conflicting evidence as to what Coons said. The evidence most favorable to the appellee, Coons' testimony, indicates that he was merely expressing his opinion. Coons said that he "thought" if certain facts were true, Hall would be clear of liability. A mere expression of an opinion as to the rights of a party does not create an estoppel. *Ross et al.* v. *Banta* (1894), 140 Ind. 120, 39 N.E. 732.

Hall also argues that Nugen should have been barred from recovery by the equitable doctrine of laches. "Laches" is an inexcusable delay in asserting a right or an implied waiver arising from knowledge of existing conditions coupled with a failure to take affirmative action. Whether an action is barred by laches must be determined by the facts and circumstances of the particular case. *Haas* v. *Holder, Trustee* (1941), 218 Ind. 263, 32 N.E.2d 590.

The record reveals that although Nugen conveyed the property to Hall on December 2, 1969, the second mortgage, which secured a contingent liability, was released on March 1, 1974. Nugen intervened in this action on July 12, 1974. It therefore appears that Nugen took reasonably prompt action after ascertaining that the contingent liability had been satisfied by the primary obligor and not Hall.

Our court has repeatedly held that the question of laches is to be determined by the sound discretion of the court. The decision will not be disturbed on appeal unless it is so clearly

wrong as to amount to an abuse of discretion. *Citizens National Bank of Grant County* v. *Harvey* (1976), 167 Ind. App. 582, 339 N.E.2d 604. We find no abuse of discretion in the present case.

## III.

The final issue for our consideration is whether the trial court's finding number 5 should be amended to be consistent with the final judgment. Hall had sold the land to two bona fide purchasers. He divided the land into two parcels, one of approximately 79 acres which he sold to Lawrence and Zola Wright, the other was about one acre which he sold to Frank and Carol Cross. The finding in question was erroneously composed, showing conveyance of both tracts of land to Lawrence and Zola Wright. We therefore amend finding number 5, which relates only to the one acre tract of land, substituting Frank Cross and Carol Cross for Lawrence Wright and Zola Wright. Both parties in their briefs suggest that this was a harmless error which should be corrected to conform with the undisputed evidence. We agree.

Judgment, as amended, is affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 351 N.E.2d 35.