Andrew C. BROWN

v.

Robert G. WOOLF.

No. IP 80–707–C.

United States District Court, S.D. Indiana, Indianapolis Division.

Jan. 20, 1983.

Douglass R. Shortridge, Indianapolis, Ind., for plaintiff.

John R. Carr, III, of Buschmann, Carr & Meyer, Indianapolis, Ind., and Kent B. Schneider, of Hermann, Cahn & Schneider, Cleveland, Ohio, for defendant.

STECKLER, District Judge.

This matter comes before the Court on the motions of defendant, Robert G. Woolf, for partial summary judgment and for summary judgment. Fed.R.Civ.P. 56.

The complaint in this diversity action seeks compensatory and punitive damages and the imposition of a trust on a fee defendant allegedly received, all stemming from defendant's alleged constructive fraud and breach of fiduciary duty in the negotiation of a contract for the 1974–75 hockey season for plaintiff who was a professional hockey player. Plaintiff alleges that prior to the 1973–74 season he had engaged the services of defendant, a well known sports attorney and agent, who represents many professional athletes, has authored a book, and has appeared in the media in connection with such representation, to negotiate a contract for him with the Pittsburgh Penguins of the National Hockey League. Plaintiff had a professionally successful season that year under the contract defendant negotiated for him and accordingly again engaged defendant's services prior to the 1974–75 season. During the negotiations in July 1974, the Penguins offered plaintiff a two-year contract at $80,000.00 per year but plaintiff rejected the offer allegedly because defendant asserted that he could obtain a better, long-term, no-cut contract with a deferred compensation feature with the Indianapolis Racers, which at the time was a new team in a new league. On July 31, 1974, plaintiff signed a five-year contract with the Racers. Thereafter, it is alleged the Racers began having financial difficulties. Plaintiff avers that Woolf continued to represent plaintiff and negotiated two reductions in plaintiff's compensation including the loss of a retirement fund at the same time defendant was attempting to get his own fee payment from the Racers. Ultimately the Racers' assets were seized and the organizers defaulted on their obligations to plaintiff. He avers that he received only $185,000.00 of the total $800,000.00 compensation under the Racer contract but that defendant received his full $40,000.00 fee (5% of the contract) from the Racers.

Plaintiff alleges that defendant made numerous material misrepresentations upon which he relied both during the negotiation of the Racer contract and at the time of the subsequent modifications. Plaintiff further avers that defendant breached his fiduciary

duty to plaintiff by failing to conduct any investigation into the financial stability of the Racers, failing to investigate possible consequences of the deferred compensation package in the Racers' contract, failing to obtain guarantees or collateral, and by negotiating reductions in plaintiff's compensation from the Racers while insisting on receiving all of his own. Plaintiff theorizes that such conduct amounts to a prima facie case of constructive fraud for which he should receive compensatory and punitive damages and have a trust impressed on the $40,000.00 fee defendant received from the Racers.

Defendant's motion for partial summary judgment attacks plaintiff's claim for punitive damages, contending that plaintiff has no evidence to support such an award and should not be allowed to rest on the allegations of his complaint. Further, he claims that punitive damages are unavailable as a matter of law in a constructive fraud case because no proof of fraudulent intent is required. By his motion for summary judgment, defendant attacks several aspects of plaintiff's claims against him. He argues (1) that plaintiff cannot recover on a breach of contract theory because Robert G. Woolf, the individual, was acting merely as the agent and employee of Robert Woolf Associates, Inc. (RWA), (2) that defendant's conduct could not amount to constructive fraud because (a) plaintiff alleges only negligent acts, (b) there is no evidence defendant deceived plaintiff or violated a position of trust, (c) there is no showing of harm to the public interest, and (d) there is no evidence that defendant obtained an unconscionable advantage at plaintiff's expense.

Turning first to the questions raised in the motion for partial summary judgment, the Court could find no Indiana case specifically discussing the availability of punitive damages in an action based upon the theory of constructive fraud. Cases from other jurisdictions reflect a division of authority. The Court concludes that Indiana courts would not adopt a per se rule prohibiting such damages in a constructive fraud action, but would rather consider the facts and circumstances of each case. If elements of recklessness, or oppressive conduct are demonstrated, punitive damages could be awarded. *See Young v. Goodyear Stores,* 244 S.C. 493, 137 S.E.2d 578 (1964) (if defendant recklessly or heedlessly makes false statements, fact he was unaware of falsity does not defeat claim for punitive damages). *See also Logan v. Barge,* 568 S.W.2d 863 (Tex.Civ.App.1978); *Harrington v. Holiday Rambler Corp.,* 176 Mont. 37, 575 P.2d 578 (1978); *contra, Logsdon v. Graham Ford Co.,* 54 Ohio St.2d 336, 376 N.E.2d 1333 (1978) (per se rule).

Indiana cases contain several formulizations of the tort of constructive fraud. Generally it is characterized as acts or a course of conduct from which an unconscionable advantage is or may be derived, *Beecher v. City of Terre Haute,* 235 Ind. 180, 132 N.E.2d 141 (1956); *Hall v. Ind. Dept. of State Revenue,* 170 Ind.App. 77, 351 N.E.2d 35 (1976), or a breach of confidence coupled with an unjust enrichment which shocks the conscience, *Voelkel v. Tohulka,* 236 Ind. 588, 141 N.E.2d 344 (1957), or a breach of duty, including mistake, duress or undue influence, which the law declares fraudulent because of a tendency to deceive, injure the public interest or violate the public or private confidence, *Blaising v. Mills,* 374 N.E.2d 1166 (Ind.App.1978). Another formulization found in the cases involves the making of a false statement, by the dominant party in a confidential or fiduciary relationship or by one who holds himself out as an expert, upon which the plaintiff reasonably relies to his detriment. The defendant need not know the statement is false nor make the false statement with fraudulent intent. *Coffey v. Wininger,* 156 Ind.App. 233, 296 N.E.2d 154 (1973); *Smart & Perry Ford Sales, Inc. v. Weaver,* 149 Ind.App. 693, 274 N.E.2d 718 (1971).

The Court believes that both formulizations are rife with questions of fact, *inter alia,* the existence or nonexistence of a confidential or fiduciary relationship, *Hall, supra,* 351 N.E.2d at 39, and the question of reliance on false representations, *Smart & Perry, supra,* 274 N.E.2d at 724, as well as questions of credibility.

Defendant argues that despite the customary existence of such fact questions in a constructive fraud case, judgment is appropriate in this instance because plaintiff has produced nothing to demonstrate the existence of fact questions. He makes a similar argument in the motion for partial summary judgment on the punitive damages issue.

Rule 56(e), Fed.R.Civ. states in pertinent part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." [Emphasis supplied.]

In this case, defendant has offered affidavits, excerpts of depositions, and photocopies of various documents to support his motions. He contends that such materials demonstrate that reasonable minds could not conclude that defendant did the acts with which the complaint charges him. In response, plaintiff rather belatedly offered portions of plaintiff's depositions as well as arguing that issues such as those raised by a complaint based on constructive fraud are inherently unsuited to resolution on a motion for summary judgment.

Having carefully considered the motions and briefs and having examined the evidentiary materials submitted, the Court concludes that summary judgment would not be appropriate in this action. The Court is not persuaded that there are no fact questions remaining unresolved in this controversy such that defendant is entitled to judgment as a matter of law. As movant for summary judgment, defendant bears the "heavy burden" of clearly demonstrating the absence of any genuine issue of a material fact. *Peoples Outfitting Co., Inc. v. General Elec. Credit Corp.*, 549 F.2d 42 (7th Cir.1977); *Chrapliwy v. Uniroyal, Inc.*, 458 F.Supp. 252 (N.D.Ind.1977).

By reason of the foregoing, defendant's motions for partial summary judgment and for summary judgment are hereby DENIED.

IT IS SO ORDERED.