



FILED

Oct 23 2024, 11:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE

# Indiana Supreme Court

Supreme Court Case No. 24S-PL-362

## Regina Geels,
*Appellant,*

–v–

## Lindsay Flottemesch, Mackenzi Hatfield, and Stephanie Malinowski as Guardian for Marley Malinowski,
*Appellees.*

---

Decided: October 23, 2024

Appeal from the Allen Superior Court
No. 02D09-2107-PL-000284
The Honorable David J. Avery, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 23A-PL-2303

---

**Per Curiam Opinion**

Chief Justice Rush and Justices Massa, Slaughter, Goff, and Molter concur.

**Per curiam.**

In this dispute over life insurance proceeds, the trial court created a constructive trust over the proceeds after finding it "more likely than not" that the decedent intended the proceeds go to persons other than the policies' named beneficiary. But creating a constructive trust requires a higher showing. We grant transfer, vacating the Court of Appeals opinion, *see* Ind. Appellate Rule 58(A), and remand for the trial court to apply the clear-and-convincing standard to the evidence.

In June 2018, David Malinowski appointed Regina Geels as his attorney-in-fact. Eighteen months later, he named Geels as the beneficiary of his life insurance policies. After Malinowski died in June 2021, Geels submitted a claim to the policies' issuer, Metropolitan Life Insurance Company (MetLife), for the proceeds. Three days later, Malinowski's daughter, Lindsay Flottemesch, contacted MetLife to dispute the proceeds' proper recipients.

In July, Flottemesch, along with Malinowski's other daughters— Mackenzi Hatfield and Marley Malinowski[1]—filed a "Petition to Construe Decedent's Will and Impose Constructive Trust Over Decedent's Life Insurance Policies." The daughters alleged: (1) Malinowski's decision to name Geels as the policies' beneficiary resulted from undue influence; (2) Malinowski intended for the daughters to receive the proceeds; and (3) the proceeds should be held in trust for the daughters' benefit. The daughters named Geels and MetLife as defendants. MetLife was later dismissed from the case after the trial court granted the parties' "Joint Motion for Interpleader."

The trial court held hearings in February 2023. Six months later, the court issued a lengthy order ultimately imposing a constructive trust over the proceeds for the daughters' benefit. Specifically, the court found:

> [T]he evidence supports a finding that it is more likely than
> not that [Malinowski] named [Geels] as the beneficiary of the

---

[1] Marley, a minor, passed away in January 2024. She is substituted in party by her mother, Stephanie Malinowski.

> life insurance policies with the instruction that [Geels] was to distribute the proceeds to his daughters. The Court finds that by refusing to follow [Malinowski's] instructions to distribute the proceeds of the life insurance to his daughters, [Geels] has breached her fiduciary duty to [Malinowski].

Appellant's App. Vol. 2 at 47.

Geels appealed and argued, in part, that the trial court applied the wrong burden of proof. The Court of Appeals reversed the trial court's constructive trust on other grounds. But because we find Geels's burden-of-proof argument persuasive, we grant transfer on those grounds and return this matter to the trial court so it may apply the correct burden of proof to the evidence.

Constructive trusts are "creatures of equity" that are "imposed when legal title is gained through wrongful means[.]" *Presbytery of Ohio Valley, Inc. v. OPC, Inc.*, 973 N.E.2d 1099, 1109 (Ind. 2012). "Fraud constitutes an essential ingredient in a constructive trust[,]" and such fraud may be "actual or constructive." *Hall v. Ind. Dep't of State Revenue*, 351 N.E.2d 35, 38 (Ind. Ct. App. 1976), *superseded by I.C. § 32-4-1.5-4 (repealed) on other grounds.* A breach of duty by a dominant party in a fiduciary relationship may constitute constructive fraud. *Teegarden v. Lewis*, 44 N.E. 9, 10–11 (Ind. 1896); *see also Kalwitz v. Est. of Kalwitz*, 822 N.E.2d 274, 280 (Ind. Ct. App. 2005), *trans. denied*.

"[T]o establish a constructive trust the evidence must be clear and convincing and not compatible with another result." *Melloh v. Gladis*, 309 N.E.2d 433, 440 (Ind. 1974). "As a general rule the party seeking to establish a constructive trust has the burden of proof." *Hall*, 351 N.E.2d at 39 (citing *McQuaide v. McQuaide*, 168 N.E. 500, 505 (Ind. Ct. App. 1929) (en banc)).

"The clear-and-convincing standard is an intermediate standard of proof that lies between a preponderance of the evidence and beyond a reasonable doubt." *J.C.C. v. State*, 897 N.E.2d 931, 934 (Ind. 2008) (cleaned up). This standard does not require showing that the asserted facts are certainly or almost certainly true or true beyond a reasonable doubt. *See*

*id.* Still, it requires a greater showing than the facts are more likely true than not. *See id.*

Here, the trial court found it "more likely than not" that Malinowski intended for Geels to distribute his life insurance proceeds for the benefit of his daughters, and Geels's failure to do so resulted in a breach of her fiduciary duty to Malinowski. But this language is typically employed when describing the less stringent preponderance-of-the-evidence standard. *See, e.g.*, *Bivins v. State*, 642 N.E.2d 928, 950 (Ind. 1994) (finding that a jury instruction requiring a mitigating fact or circumstance at sentencing be established as "more likely true than not" correctly identified the preponderance-of-evidence burden of proof); *In re A.M.H.*, 732 N.E.2d 1284, 1286 (Ind. Ct. App. 2000) (describing the clear-and-convincing standard as "considerably higher than the 'more likely than not' implications" of the preponderance-of-the-evidence standard "typically applied in civil cases.").

Our unequivocal precedent provides that the clear-and-convincing standard applies here. *See Melloh.* We therefore remand to the trial court to apply the clear-and-convincing standard to the evidence.

Rush, C.J., and Massa, Slaughter, Goff, and Molter, JJ., concur.

ATTORNEY FOR APPELLANT
Robert J. Palmer
May Oberfell Lorber
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE
Nathan S.J. Williams
Shannon K. Connors
Shambaugh Kast Beck & Williams, LLP
Fort Wayne, Indiana